[No. 1582.]

## HARRIS LEWIS, RESPONDENT, *v.* WILLIAM HYAMS, APPELLANT.

LIMITATION OF ACTIONS—BAR—OPERATION—REMEDIES IN OTHER STATES. Where default is made in the payment of a firm note executed in California by a partner residing there, and the other partner is a resident of New York, the right of action, as against the latter, accrues in New York, and not in California; and, if no action is brought on the note in New York within the time prescribed by the statutes of limitation of that state, the holder cannot maintain an action against him in Nevada by reason of Comp. Laws, 3736, 3603, providing that when a cause of action has arisen in any other state, and by the laws thereof an action there cannot be maintained by reason of lapse of time, no action shall be maintained in Nevada.

### ON PETITION FOR REHEARING.

LIMITATIONS—ACTION BARRED ABROAD—CITIZEN HOLDING CAUSE OF ACTION FROM TIME IT ACCRUED. Under Comp. Laws, 3603, providing that, when an action arising in another state is barred there by limitations, an action thereon shall not be brought in Nevada, except by a citizen thereof who has held the cause of action from the time it accrued, a citizen of Nevada, who held a note on which action was so barred abroad, but who had not held it from the time the cause of action accrued, cannot maintain suit thereon.

APPEAL from the First Judicial District Court, Storey County; *C. E. Mack*, Judge.

Action by Harry Lewis against Edward Hyams and William Hyams. From a judgment against William Hyams, and from an order denying his motion for a new trial, he appeals. **Reversed.** Rehearing denied.

The facts sufficiently appear in the opinion.

*Trenmor Coffin, M. S. Eisner, F. M. Huffaker*, and *W. D. Jones*, for Appellant:

I.   The cause of action set forth in the complaint is barred under the provisions of Section 32 of the Nevada statute of limitations.   The plaintiff, when the motion for a non-suit was made, conceded that, as to the defendant Edward Hyams, under Section 33, it was well grounded, and his counsel made no objection to the granting of a non-suit as to said defendant.   As to the motion under Section 32, the plaintiff contended that the action was not barred as to this appellant because he had been absent from the State of Nevada during

the entire period mentioned in the complaint, and that by reason of the provisions of Section 21 of the statute, Section 32 had never run in William Hyams' favor.    The appellant contends, firstly, that Section 21 does not apply to *persons* who have *never been* residents of this state, but only to *persons* who have been residents of this state and have since departed or absented themselves therefrom; and, secondly, that even if Section 21 does apply to persons who have never resided here, it does not and cannot apply to causes of action *arising outside the State of Nevada.*    The trial court, in denying the motion, lost sight entirely of this second proposition, and decided the first, erroneously, in respondent's favor.

II.    The provisions of Section 21 of the Nevada statute of limitations do not apply to *natural persons* who have never been residents of Nevada, but only to such as, having been residents, have departed or absented themselves therefrom, and to foreign corporations; and the provisions of that section do not apply in favor of a non-resident plaintiff.    We respectfully submit that to hold that the provisions of Section 21 apply to persons who have never resided in this state would be not only to disregard the intention of the legislature, clearly expressed in the section itself, but would be contrary to the great weight of authority in this country upon that proposition.    (*Treadway* v. *Wilder*, 12 Nev. 108, 113–114.)

III.    Addressing ourselves then to the question of intention, as gathered from the words used, what do we find? Sections 3, 4, 5, 16, 17, 18, 32 and 33 of the statute provide for certain periods of limitation for the various classes of actions therein respectively provided for.    The remaining sections of the statute provide for certain exceptions to or qualifications of the general provisions of limitation contained in the sections above enumerated.    Section 21 provides for an exception to the general rule of limitation in two instances, and the case at bar comes, if at all, within the first provision. That provision is as follows:    "If, when the cause of action accrue against *a person*, he be out of the state, the action may be commenced within the time herein limited after his *return* to the state."    Clearly, it does not require any construction of the language in question to determine that a person cannot "*return*" to a place from which he never departed and

in which he never was. To hold that such a provision applies to persons who were never resident within the state, is not only contrary to the intention of the legislature, as expressed in the language used by it, but also contrary to the spirit and policy of the law prompting the enactment of statutes of limitation.

IV. A construction holding that Section 21 applies to non-resident *persons* who have never been within the state, as well as to departed or absent residents, is contrary to both the intention of the legislature clearly expressed in the language used by it, and to the spirit of the section in question, and the purpose for which it was passed. It is likewise opposed to the great weight of authority in this country. (*Hyman* v. *Bayne*, 83 Ill. 256; *Snoddy* v. *Cage*, 5 Tex. 107-116; *Love* v. *Doak*, 5 Tex. 343, 348; *Moore* v. *Hendrick*, 8 Tex. 254-6; *Lynch* v. *Ortlieb*, 87 Tex. 592 (1895); *Cotton* v. *Rand* (Tex.), 29 S. W. 685; *McCormick* v. *Blanchard*, 7 Or. 235-7, affirmed in *Crane* v. *Jones*, 24 Or. 420; *Van Santvoord* v. *Rotthler*, 57 Pac. 628 (Or. 1899); *Pare* v. *Mahone*, 32 Ga. 255-6; *Moore* v. *Carroll*, 54 Ga. 127; *Haviland* v. *Hargis*, 9 Fla. 17.)

V. The authorities cited by us upon this proposition are supported by sound reasoning and are in consonance with the plainly expressed intention of the legislature in passing Section 21. Any construction holding that Section 21 applies to *non-residents* who have never resided within the state is, we submit, contrary to both reason and to the well-settled rules of statutory construction. The decisions in the cases favoring this latter construction are to be viewed also in connection with the fact that they are all based upon the two original decisions in New York and Massachusetts, in both which states there was no provision, at the time of their rendition, corresponding to Section 33 of our statute. This being an original question in this state, the court should adopt that construction of the statute which the language used by the legislature seems to require, a construction which will not do violence to "the usual meaning of the words used," and which is supported by the soundest reasoning and the great weight of authority.

VI. But, even conceding Section 21 to apply to persons

who have never resided in Nevada, Section 21 does not and cannot apply to causes of action arising outside the State of Nevada. The cause of action upon the note in suit did *not* arise within the State of Nevada, and Section 21 can have no possible application to it. For this reason alone the bar of Section 32 is complete. The question as to whether or not Section 21 applies to actions arising outside the State of Nevada is to be viewed from two standpoints. Firstly, does the language of the section itself, independently of any other provision in the statute justify its application to a foreign cause of action; and, secondly, is it possible to apply Section 21 of the statute to a foreign cause of action without rendering Section 33 of the statute absolutely nugatory? We respectfully submit that both of these propositions must be answered in the negative. Taking Section 21 by itself, can it by any reasonable interpretation be held that it was intended to apply to causes of action arising outside the State of Nevada? The manifest purpose of the legislature in passing this section was, as we have already seen, to preserve to resident plaintiffs their rights of action in this state during the absence of departed or absconding defendants, and to save them the necessity of pursuing such defendants into a foreign jurisdiction. It is not reasonable to suppose, therefore, that the legislature had in mind, when it passed this section, causes of action arising within a foreign jurisdiction, for such actions could have been no concern of theirs. And when the legislature declared that "If, when the cause of action shall accrue against a person, he be out of the state," etc., is it not apparent that they had reference to causes of action arising within the state, and to none other? For instance, the section declares that "the action may be commenced within the time herein limited after his return to the state" without expressly declaring that it may be commenced "in this State" within the time thus specified, yet would it not be ridiculous to assert that the legislature intended to declare that the action may be commenced, without reference to place, within the time limited, merely because the words "in the state" had not been inserted after the word "commenced"? And so when the legislature used the expression, "if, when the cause of action shall accrue against a person, he be out of

the state," it is equally apparent that they must have referred
to actions accruing within the state and to none other.

VII.    Section 21 does not, and in the very nature of things
cannot, apply to causes of action arising *outside* the State of
Nevada.    And this is not only consistent with, but entirely
within, the doctrine laid down in the case of *Sutro Tunnel
Co.* v. *Seg. Belcher M. Co.*, above cited, and the case of *Robin-
son* v. *Imperial Mining Co.*, upon which the first-named deci-
sion is based.    The case of *Robinson* v. *Imperial Mining Co.*
was an action in ejectment involving the title to land in
Lyon county; the cause of action arose necessarily *within* the
State of Nevada.    In the case of *Sutro Tunnel Co.* v. *Seg.
Belcher M. Co.*, the *contract*, upon which the cause of action
was based, although executed in California, provided that the
work therein referred to should be performed in the State of
Nevada.    The defendant corporation was organized under
the laws of the State of California.    Under the law, there-
fore, its residence was in California, and it was not possible
for it to have a residence in the State of Nevada.    The
defendant pleaded the bar of Section 32 of the statute, and
contended that Section 21 did not apply to the provisions of
Section 32, and that, therefore, the bar of Section 32 was
complete.    The court held that Section 21 applied to every
other provision of the statute, that it applied to foreign cor-
porations as well as to individual defendants absent from the
state (not to individual defendants who had never resided
within the state), and that the defendant, being a foreign
corporation, could never have a residence within the State of
Nevada, and was therefore absent within the meaning of Sec-
tion 21.    But the question as to whether or not Section 21
applies to causes of action arising outside the State of Nevada
was not involved in that decision, nor could it have been
passed upon, for the very simple reason that the cause of
action in the case referred to arose, admittedly, in the State
of Nevada.    The case at bar is the first instance in the his-
tory of this State where the provisions of Section 21 have
been attempted to be applied to a cause of action accruing
outside of the State, and we apprehend that this court, at
the instance of a non-resident plaintiff, who has allowed the
statute of limitations of the state of his own residence, and

of the states of residence of both of the defendants to run against and bar his cause of action (if he ever had any), will not force a construction of the statute which is utterly at variance with the clearly expressed intention of the legislature, and which would have the effect, as we shall see, of absolutely nullifying Section 33 of the statute.

VIII. The language of Section 32 is general in its nature, and applies to all contracts made outside the State of Nevada. A cause of action on a contract made outside of this state may, however, belong to one of two different classes. If the contract is made outside the State of Nevada, but is to be performed within it, then the cause of action arises within the State of Nevada, as was the case in *Sutro Tunnel Co.* v. *Seg. Belcher M. Co.* But, on the other hand, if the contract is made outside the State of Nevada, and is to be performed outside of the state, as is the fact in the case at bar, then the cause of action upon it arises, not in the State of Nevada, but in the place of performance. When the cause of action, upon a foreign-made contract, arises in the State of Nevada, then it may be argued, with some degree of plausibility, that Section 21 applies to and limits Section 32, but not otherwise. It must be apparent, therefore, that the point now made could not have arisen and was not passed upon in the case of *Sutro Tunnel Co.* v. *Seg. Belcher M. Co.*, for the cause of action in that case arose unquestionably in the State of Nevada.

IX. Section 21 does not limit Section 33 because Section 21 cannot apply to causes of action arising outside the State of Nevada without rendering Section 33 void. Manifestly, then, Section 21 cannot limit Section 32, or any other section of the statute, when the cause of action arises outside the State of Nevada, for two inconsistent rules of construction cannot be applied to the same thing in its relation to different provisions of the same statute.

X. Whatever may be said as to the application of Section 21 to non-resident defendants, yet it must be clear that Section 21 can apply only to causes of action arising within the State of Nevada. The cause of action on the note in suit arose as to Edward Hyams in California and as to William Hyams in New York. Unquestionably the cause of action

on the note did not arise in the State of Nevada. We submit that Section 21 can have no possible application to the cause of action in this case, that the note in suit was barred in the State of Nevada two years after maturity; and that the motion for a non-suit, as to both defendants, should have been granted. We take it, therefore, to be clear that Section 21 of the Nevada statute of limitations, firstly, does not apply to persons who have never resided in Nevada; secondly, that it cannot be invoked in favor of a non-resident plaintiff; and, thirdly, that even if the negative of the two first propositions be true it does not apply and cannot apply to causes of action arising outside the state. If all or any of these conditions be true, the bar of Section 32 of the statute is complete as to both defendants, and the judgment must be reversed.

XI. The cause of action set forth in the complaint is barred as to the defendant William Hyams, as well as to the defendant Edward Hyams, under the provisions of Section 33 of the Nevada statute of limitations. The note in suit was executed at San Francisco by the defendant, Edward Hyams, for the firm of Hyams Bros. No place of payment is named in the note. The respondent contended in the lower court, and the court so held, that, upon the failure to designate the place of payment in the note itself, the law presumed that the place of date was the place of payment. The authorities are uniform to the effect that no such presumption arises either as matter of law or of fact. The only presumption arising as matter of law from the fact stated, and then only in the absence of any evidence to the contrary, is that, where a note fails to specify the place of payment, the law presumes that the maker resides or has his place of business at the place where the note is dated. The place of payment of a note payable generally is at the place of residence of or business of the maker. The maker's place of residence or of business being established, either by presumption or through proof, the law then fixes the place of payment at the place of business or of residence of the maker. Upon the failure of the maker to pay the note at the place of payment, the cause of action accrues against him at that place.

XII. The sole question to be determined by the court

with relation to the defense pleaded by appellant under Section 33 is: "Where was the place of payment of the note in suit, as to the defendant William Hyams?" If the place of payment as to him was in New York, then upon his failure to pay the note at maturity the cause of action accrued against him in the State of New York. This being so, the court should have permitted proof as to the statute of limitations of the State of New York, or in the absence of such proof was bound to presume that the laws of New York upon the subject of limitation were the same as the laws of this state. (Daniel on Negotiable Instruments, sec. 90, 4th ed.; 2 Am. & Eng. Ency. Law, 1st ed. vol. 2, 328; *Hartford Bank* v. *Green Thomas Co.*, 11 Iowa, 477–9; *Burrows* v. *Hannegan*, 1 McLean (U. S.) 310; Story on Promissory Notes, 251; *Simmons* v. *Belt*, 35 Mo. 466; *Adams* v. *Leland*, 30 N. Y. 311; *Taylor* v. *Snyder*, 3 Den. 145; *Holtze* v. *Botte*, 37 N. Y. 635; *Taylor* v. *Snyder*, 3. Den. (N. Y.) 148–157; *Lightner* v. *Will*, 2 Watts & Sarg. (Pa.) 141–2; *Browning* v. *Armstrong*, 9 Phil. 59; *Woodworth* v. *Bank of America*, 10 Am. Dec. 239; *Oxnard* v. *Varnum*, 111 Pa. St. 201; *Pierce* v. *Whitney*, 28 Me. 195; *Fisher* v. *Evans*, 5 Binney (Pa.) 542; Parsons on Notes and Bills, vol. I, 453; *Luning* v. *Wise*, 64 Cal. 411; *Haber* v. *Brown*, 101 Cal. 451.)

*W. E. F. Deal, Edmund Tauszky,* and *Lester H. Jacobs,* for Respondent:

I. The note in suit was a partnership note, dated "San Francisco, March 1, 1882," payable three months after date to order of "ourselves," signed "Hyams Bros.," endorsed "Hyams Bros.," and delivered in San Francisco; no place of payment being specified. On June 1, 1882, when the note matured, the firm of Hyams Bros. was still in existance, having its principal place of business in San Francisco, the residence of Edward Hyams. Payment not having been made on that date, the cause of action thereupon immediately accrued. No demand of payment was necessary. (Randolph on Commercial Paper, 2d ed. vol. 2, 1071; Byles on Bills, Sharswood's ed., 346; Civil Code of California, 3130, stating only the general law.)

II. The note was presumptively payable at the place of

its date. It is admitted that it was payable in San Francisco, though counsel for appellant claim that it was also payable in New York. There could have been but one place of payment. It would lead to ludicrous results to hold that, in so far as Edward Hyams was concerned, the note was to be paid in California, and, as to him, the questions depending on the place of performance were to be governed by the laws of that state, while, as against William Hyams, his partner, it was to be paid in New York and to be interpreted according to the laws of the latter state. Even if the note had been expressly made payable at San Francisco or New York, the place of payment would have been optional with the holder. (Leake on Contracts, 3d ed. 587.)

III. If the question was: "Where would it have been necessary to make a presentment in order to charge an endorser on this note?" it would still be answered: "In San Francisco." (*Luning* v. *Wise*, 64 Cal. 410.) Though this is an entirely false test, because the contract of an endorser is conditional and different from the contract of the maker. The agreement of the latter being to pay to the holder where he, the holder, may be; the agreement of the endorser being that, if the note is presented to the maker at the maker's place of residence, and payment demanded and refused and prompt notice given, he, the endorser, will pay. Even if the question of the liability of an endorser were involved, presentment and demand on either partner would be sufficient and as demand was in fact made on Edward in San Francisco, it would have been unnecessary to make demand on William Hyams. (Story on Promissory Notes, 239; *Gates* v. *Beecher*, 60 N. Y. 518; *Otsego County Bank* v. *Warren*, 18 Barb. 290; *Brown* v. *Turner*, 15 Ala. 832; *Fourth National Bank of St. Louis* v. *Altheimer*, 91 Mo. 104; *Hume* v. *Watt*, 5 Kan. 34.) "No principle is more fully settled or better understood in commercial law than that the obligation of the endorser is a new and independent contract, subject to the law of the place where the endorsement is made." (Am. & Ency. of Law, 2d ed. vol. 4, 477-8.)

IV. The contract of the maker of a promissory note binds him to pay at the place it is made or the place named for payment. The contract of the endorser, however, is a con-

ditional obligation; the law of the place of acceptance or payment has nothing to do with his contract.   (*Hunt* v. *Standart*, 15 Ind. 33–38; 77 Am. Dec. 79–84.)

V.   The questions relating to where demand should have been made in order to charge *endorsers* were discussed at length in our brief, not because we admitted their applicability, but because counsel for appellant attempted to throw the court off the track by this false analogy.   We showed that even if the liability of an endorser were involved, demand in San Francisco would have been sufficient to make the endorser liable, but that such questions were irrelevant and furnished a false test.   Independent of authority, it would seem clear on principle that if A makes a binding promise to pay B $500, it is the duty of A to go and seek B and pay him; for B is presumed to have done whatever was necessary on his part to make a valid consideration for this promise before the execution of the note.   The note contains only the promise of A, and it is not conditional upon B's finding him.   It must be unconditional or it would not be a good negotiable instrument.

VI.   The maker of a note is bound in ordinary cases to seek the holder.   His contract is entirely different from that of the endorser, which is separate and conditional.   (Bigelow on Notes and Bills, note on p. 86; Parsons on Notes and Bills, 431–432.)   It is a fundamental rule of law, and one of the most ancient, that it is the duty of a debtor to seek his creditor and pay him.   (Coke upon Littleton, 210a, 1st Am. from 19th London ed. 340;) Shepard's Touchstone, 136; Barbour's Law of Payment, sec. 36, p. 80; see also sec. 678; Leake on Contracts, 3d ed. 734–735; see also p. 560.)   "The general rule is that the payer must, if no place of payment is designated or agreed upon seek out the creditor and pay him."   (18 Am. & Eng. Ency. Law, 1st ed. 198; *McIntyre* v. *Insurance Company*, 52 Mich. 188; *Thompson* v. *Insurance Company*, 104 U. S. 252–258; *Littel* v. *Nichols, Admr.*, Hardin (Ky.) 66; Story on Prom. Notes, 7th ed. sec. 230, p. 328, foot note citing Chitty on Bills; *Goodsell* v. *Benson*, 13 R. I. 242; *Newbury* v. *Richards*, 35 Vt. 283; *Ballard* v. *Webster*, 9 Ab. Pr. 404-408; *Goodwin* v. *Holbrook*, 4 Wend. (N. Y.) 377; *Galloway* v. *Standard Fire Ins. Co.*, 31 S. E. Rep. 970; *Towne* v.

*Smith*, 1 Woodb. & M. 115 Fed. Cases, No. 14,115 (U. S. Circuit Court, Mass.); *Campbell* v. *Brown*, 86 N. C. 376-378; *Robey* v. *Snaeffell Mining Co. Ld.*, Law Rep. 20 Q. B. Div. 152 (1887); *Miles* v. *Roberts*, 34 N. H. 245-254; *Thorne* v. *City Rice Mills*, Law Rep. 40 Ch. Div. 357 (1889); *Walton* v. *Mascall*, 13 M. & W. 452; *Bell* v. *Antwerp Line*, 1 Q. B. Div. 107 (1891); *Reynolds* v. *Davies*, 1 Bosanquet & Puller, 627; *Haldane* v. *Johnson*, 8 Exch. 689 (Welsby, Hurlstone & Gordon); *Bank* v. *Richards*, 35 Vt. 281; *Sutherland* v. *First National Bank*, 31 Mich. 230; *King* v. *Finch*, 60 Ind. 423; *Gale* v. *Corey*, 13 N. E. Rep. 108 (Ind.); *Allshouse* v. *Ramsey*, 6 Whart. (Penn.) 331; *Hale* v. *Patton*, 60 N. Y. 233-236; *Grussy* v. *Schneider*, 55 How. Pr. 188; *Smith* v. *Smith*, 25 Wend. 405-406.)

VII. As the holder of the note (as well as the firm of Hyams Bros.) was in San Francisco, it was not only the intention of the parties that it should be paid there, and the presumption arising from its date and delivery there, but the law made it payable there absolutely. The *situs* of the debt is the residence of the creditor. (*Atwood* v. *Protection Ins. Co.*, 14 Conn. 555; *Clark* v. *Conn. Peat Co.*, 35 Conn. 303.)

By the Court, BONNIFIELD, C. J.:

This action was commenced on December 31, 1897, in the District Court of the First Judicial District in and for Storey County, against Edward Hyams and William Hyams upon a promissory note executed in the State of California, of which the following is a copy, to wit:

"San Francisco, March 1st, 1882. $5,000.00. Three months after date, without grace, we promise to pay to ourselves or order the sum of five thousand dollars, payable only in gold coin of the government of the United States, for value received, with interest in like gold coin at the rate of one (1) per cent per month from .............. until paid. Hyam Bros." Indorsed: "Hyam Bros."

The case was tried by the court sitting with a jury. The trial resulted in a judgment in favor of the plaintiff against defendant William Hyams for the sum of $14,475, together with interest on the sum of $5,000 thereof from the 17th day

of May, 1899, till paid, at the rate of one per cent per month, together with the further sum of $1,021.50 taxed as costs. This appeal is taken by William Hyams from said judgment, and from the order of the trial court denying his motion for a new trial.

It appears that the plaintiff and Edward Hyams were, at the time of the execution of said promissory note, ever since have been, and now are, residents of the State of California; that said Edward has not been absent from the State of California, the place where the note was executed, altogether more than eighteen months since the execution of said note.

It also appears that William Hyams was at the time of the execution of said note, ever since has been, and now is, a resident of the State of New York, and that he has not been absent from said State of New York altogether more than eighteen months since the execution of said note.

It appears that at the time of the execution of said note Edward Hyams and William Hyams were copartners, and for a number of years prior thereto had been copartners, under the firm name of Hyams Bros., carrying on business as wholesale manufacturers and dealers in clothing, both at the City of San Francisco, State of California, and at the City of New York, State of New York. The manufacturing of clothing for the firm was carried on in the City of New York, and the business there was conducted by William Hyams, and the business of the sale of the clothing by Hyams Bros. was carried on in San Francisco, Cal., and conducted by Edward Hyams; and that Edward Hyams made, executed, and indorsed said note, and delivered the same to the plaintiff, for and in the name of said firm of Hyams Bros. In 1884 said copartnership was dissolved.

Among other defenses, the defendants pleaded Sections 32 and 33 of the statute of limitations of this state. Section 32 limits the time in which an action may be commenced on a contract, etc., made out of the state, to two years after a cause of action has accrued. (Comp. Laws, 3735.)

Section 33 provides: "When the cause of action has arisen in any other state or territory of the United States, or in a foreign country, and by the laws thereof an action there can-

not be maintained against a person by reason of the lapse of time, no action shall be maintained against him in this state." (Comp. Laws, 3736.)

The defendants also pleaded certain laws of the State of California, in connection with said Section 33 of the Nevada statute, by which the period is limited to four years for commencing an action after it has accrued upon any contract, obligation, or liability founded upon an instrument in writing executed in that state, and also the laws of the State of New York, which limits the time to six years for commencing an action upon a contract, obligation, or liability, express or implied, except a judgment or sealed instrument.

It is contended by counsel for appellant that an action upon said note was barred as against him, long before the commencement of this action, by the laws of the State of New York, and that, therefore, by reason of the provisions of said Section 33 of our statute, no action can be maintained against him in this state. It is admitted by respondent's counsel that, if the cause of action against appellant arose in New York, this action cannot be maintained, provided said Section 33 has not been repealed.

Counsel in their brief say: "We admit that if respondent's cause of action against appellant arose in New York, and if Section 33 of our statute has not been repealed, appellant's motion for a non-suit should have been granted."

Appellant's motion for non-suit was granted as to Edward Hyams, it appearing that the cause of action against him arose in California, and by the laws of that state an action thereon had been barred there. It is contended on the part of respondent that the cause of action against both of the defendants arose in the State of California, and that by reason of the non-residence of William Hyams, and his absence from that state, an action against him was not barred there, the place where the cause of action arose, and that, therefore, it is not barred here, under said Section 33.

Appellant's counsel contend that the cause of action against him arose in New York, and, an action thereon having been barred in that state, no action can be maintained against him in this state, as it is barred by said Section 33.

A "cause of action" is defined by Bouvier to be a right to

bring an action. The cause of action is a claim which may be enforced. (*Bucklin* v. *Ford*, 5 Barb. 393; *Halsey* v. *Reid*, 4 Hun, 777.)

It is the right which a party has to institute and carry through an action. (*Meyer* v. *Van Collem*, 28 Barb. 230.)

The right to prosecute an action with effect. (*Douglas* v. *Forrest*, 4 Bing. 704; 15 E. C. L. 120.)

The term "cause of action" is synonymous with "right of action." (Am. & Eng. Enc. Law, 46, note.)

The phrase in said Section 33, "when the cause of action has arisen," is the same, in the sense of the statute, as if the following expression had been used in its stead, "when a cause of action has accrued."

Did the right to bring an action on said note accrue in California against the appellant, a non-resident of that state, and absent therefrom? Could the claim of the respondent have been enforced in that state through the process issued by any court of that state? Did the respondent have the right to institute and carry through an action against the appellant in California? Could he have prosecuted an action against the appellant with effect in that State? We answer "No" to each of the above questions. No court in California could have acquired jurisdiction of the person of the appellant by any process it could have issued.

But the right to bring an action on said note by respondent against the appellant accrued in the State of New York, his place of residence; the place where any competent court of New York could, by its process, have acquired jurisdiction of his person; the place where the respondent's claim against the appellant could have been enforced; the place where the respondent had the right to institute and carry through an action against the appellant; and the place where the respondent could have prosecuted the action against the appellant with effect. We are of opinion that, when default was made in the payment of said note, the cause of action thereon against the appellant arose or accrued in the State of New York; that in such case as this the cause of action accrues in any state against the defendant where he may be found.

We are of opinion that Section 9 of the statute of 1867,

which amends Section 33 of the statute of 1861 and incorporates it or makes it a part of the statute of 1867, is not repealed. But if it was repealed it would not avail the respondent. Section 508 of the civil practice act which was enacted in 1869 (Comp. Laws, 3603) provides: "When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of a citizen thereof who has held the cause of action from the time it accrued." The respondent is not a citizen of this state.

The appellant offered to prove the laws of New York to show that by said laws an action on said promissory note cannot be maintained there against the appellant by reason of the lapse of time. The court refused the offer, but from the admissions of respondent above given, we take it that he admits that the laws of that state are as appellant claims them to be.

We do not deem it necessary to pass upon the contention of the respective counsel with respect to the proper construction of Section 21 of our statute of limitations, for, if we are correct in our conclusion that the cause of action arose or accrued against the appellant in the State of New York, and we think we are, then an action thereon was barred there by reason of the lapse of time and it is, therefore, barred here

The judgment and order appealed from are reversed.

### UPON PETITION FOR REHEARING.

By the Court, MASSEY, C. J.:

The petition for a rehearing herein involves the same question passed upon by the court relating to the construction of our statute of limitations. We have given the matter an exhaustive and careful reexamination, and are unable to reach a conclusion different from the one announced.

The question must be determined by the construction to be placed upon the words, "when a cause of action has arisen," used in Section 33 of our statute of limitations. (Comp. Laws, 3736.)

The State of Illinois has a statute in substance, and almost

in language, similar to our Section 33. The supreme court of that state, in construing the precise words, "when a cause of action has arisen," found in the section of their statute, gave to them the meaning we have placed upon them, as used in our statute.

In the case of *Hyman* v. *McVeigh*, reported in the 10th Chi. Leg. N. 157, the court of that state say that "the words, *when a cause of action has arisen*, as they occur in the statute pleaded, should be construed as meaning when jurisdiction exists in the courts of a state to adjudicate between the parties upon the particular cause of action, if properly invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the state upon the particular cause of action, *without regard to the place where the cause of action had its origin.*"

The same construction was placed upon the words by that court in the case of *Hyman* v. *Bayne*, 83 Ill. 256, and is cited by the court in *Hyman* v. *McVeigh*, as authority for the doctrine.

This construction was subsequently adopted by the appellate court of that state in *Humphrey* v. *Cole*, 14 Bradw. 56; and while the same court in *Story* v. *Thompson*, 36 Ill. App. 370, disapproves of *Humphrey* v. *Cole*, it bases its disapproval upon the application of the statute to the facts of the case when construed with the provisions of Section 18 of their statute. This is manifest from the language used by the court in *Story* v. *Thompson*. It does not attempt to disapprove of *Hyman* v. *Bayne* and *Hyman* v. *McVeigh*, but makes a distinction between those cases and the case of *Humphrey* v. *Cole*.

In making the distinction the court say (speaking of *Hyman* v. *Bayne* and *Hyman* v. *McVeigh*): "Both the maker of the note and the payee resided outside the State of Illinois when the cause of action accrued, and till after the bar in the other state was established. The expressions of the supreme court in that case, and quoted in the 14th Ill., *supra*, were made with reference to the facts in that case, but have no application here. The decision in *Humphrey* v. *Cole*, *supra*, must have been made under a mistaken idea of what was really decided in *Hyman* v. *McVeigh*, 87 Ill. 708."

It will also be noted that the case from which we have quoted turned upon the rights of a resident creditor under another provision of the statute.

As late as 1892, in the case of *Wooley* v. *Yarnell*, 142 Ill. 449, the supreme court of that state, in express terms, approved the doctrine laid down in *Hyman* v. *Bayne* and *Hyman* v. *McVeigh.* "Where the maker of a promissory note and the payee," say the court, "reside out of this state when the note becomes due, and the cause of action accrues in another state, and the maker continues to reside out of the state and in another state, until, by the laws of such state, an action on the note is barred, the section of the limitation law, *supra*, when pleaded to an action brought on such note in this state, may constitute a bar to such action. This is the doctrine of *Hyman* v. *Bayne*, 83 Ill. 256, and also of *Hyman* v. *McVeigh*, unreported, but mentioned in 87 Ill. 708. In each of these cases, as will be found upon an examination of the record, the maker and payee both resided out of this state at the maturity of the cause of action sued on, and when the cause of action accrued, and so remained until an action was barred in and by the laws of a foreign state where the domicile existed."

Our position also seems to be fortified by the subsequent enactment of Section 508 of the civil practice act (Comp. Laws, 3603), in which the legislature created an exception in favor of a citizen of this state who has held such cause of action from the time it accrued.

The claim of citizenship in this state, made by the respondent in his petition for a rehearing, is, as we believe upon the showing made in his own deposition, without merit; but, if that claim were well taken, he still fails to come within the Section 508, *supra*, in that he has not held the note from the time the cause of action accrued thereon.

The petition is denied.