*In re* ROBINSON'S FIRST ADDITION TO THE CITY OF HUTCHINSON.

**No. 11,793.** (63 Pac. 426.)

1. CITIES—*Exclusion of Land from Corporate Boundaries.* The statute, chapter 267, Laws of 1897 (Gen. Stat. 1897, ch. 41, §§ 1-8; Gen. Stat. 1899, §§ 7538-7545), which authorizes the exclusion of land from the corporate boundaries of cities, provides that matters of fact in controversy, and necessary to determine in order to ascertain the advisibility of making the exclusion, shall be submitted to a jury; *held*, that a finding by a jury that no private right would be injured or endangered by the exclusion of a tract

from the city boundaries is controlling on the court, and that the latter cannot refuse the relief asked because in its judgment the rights of the city's bondholders would be endangered.

2. ———— *Bonded Indebtedness.* The statute above cited also declares that the terms "public loss and inconvenience" or "public right" shall not be construed to mean loss of taxes or right to taxes; *held,* therefore, that a refusal by a court to make an order of exclusion because "the ability of the city to sell and pay its bonds would be injured" was erroneous.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed January 5, 1901. Reversed.

*H. Whiteside,* and *W. G. Fairchild,* for petitioner.

*W. H. Lewis,* city attorney, for respondent.

*Per Curiam:* J. W. Burns filed a petition under chapter 267, Laws of 1897 (Gen. Stat. 1897, ch. 41, §§ 1–8; Gen. Stat. 1899, §§ 7538–7545), praying for the vacation of the streets and alleys of Robinson's First addition to the city of Hutchinson, and for the exclusion of the addition from the corporate boundaries of the city. The tract in question embraced an entire quarter-section. The questions of fact involved were submitted to a jury. Such of these questions as are necessary to quote, with answers thereto, were as follows :

"Ques. Is the bonded indebtedness of the city of Hutchinson at the present time the sum of $257,500 ? Ans. About $200,000.

"Q. How much of said bonded debt was issued by said city while said addition was a part thereof ? A. $196,500.

"Q. Will the assessed value of the taxable property of the city be reduced by exclusion of said addition from the city ? A. Yes.

"Q. Is not the object of the owner of this addition in asking its exclusion from the city to escape city taxation ? A. Yes.

"Q. Has any party but the plaintiff any private rights in the land in controversy that would be affected by the vacation of said plat in controversy and excluding the same from the boundaries of the city of Hutchinson? · A. No.

"Q. Does the public use any part of the property sought to be vacated for any purpose? A. No.

"Q. Is the land in controversy sought to be vacated of any value except for farming purposes? A. No.

"Q. Is the land sought to be vacated used other than for farming purposes? A. No.

"Q. Is not the land sought to be vacated on the outside of and away from any of the resident or business portion of the city of Hutchinson? A. Yes.

"Q. Will the public suffer any loss or inconvenience other than the loss to the city of taxes? A. No.

"Q. Has the city ever worked or used any of the streets and alleys sought to be vacated? A. No.

"Q. Has the city ever taken and asserted any possession over the streets and alleys in Robinson's First addition? A. No.

"Q. Is the public now using any of the streets and alleys of Robinson's First addition? A. No.

"Q. Is not the prospect of the public ever using any of the streets and alleys of Robinson's First addition for travel remote and uncertain? A. Yes.

"Q. Will there be any public right as defined by the court injured or endangered by the vacation of Robinson's First addition? A. No.

"Q. Will there be any public right injured or endangered except the one of taxes which may be levied by the excluding said land from the corporate limits of the city of Hutchinson? A. No.

"Q. Has any person other than the petitioner any special interest that would be directly injured by the vacation of Robinson's addition and its streets and alleys? A. No.

"Q. Is there a single resident or business house in said city outside and beyond said addition? A. No.

"Q. Does any person in said city live outside and beyond said addition? A. No."

At the close of the trial, the court concluded from the findings of the jury that "the rights of the bondholders of the city would be injured if the premises were excluded from the city, and also that the ability of the city to pay and sell its bonds would be injured"; wherefore it refused to exclude the land from the limits of the city, but ordered that the streets, alleys, etc., be vacated. Error has been prosecuted to this court.

We have a right to complain of counsel on both sides for their meager presentation of the law. The statute (Gen. Stat. 1897, ch. 41, § 4; Gen. Stat. 1899, § 7541) provides that "if the court be satisfied that no public or private right will be injured or endangered, it shall order such corporate boundaries to be changed by the exclusion of such lands therefrom"; and also it declares (Gen. Stat. 1897, ch. 41, § 7; Gen. Stat. 1899, § 7544) that "The terms 'public loss or inconvenience,' or 'public right,' shall not be construed to extend to the taxes which may be levied upon the land vacated or excluded." So far, then, as concerns the loss of taxation to the city by the exclusion of the tract from its boundaries, the statute decrees it to be remediless; but the court below rested its judgment upon the ground that the private rights of the holders of the city's bonds would be injured. However, the question whether the rights of the bondholders would be injured, and, if they would, whether they are of that class denominated in the statute "private rights," and which the statute seeks to guard, has been discussed by counsel only in the briefest and most general way and without citation to authorities. In the multiplicity of our labors we cannot find time to brief cases for litigants. We require counsel to do that. Nevertheless, in the best thought

we have been able to give to the question our judgment is that the court below was in error.    Section 6 of the statute (Gen. Stat. 1897, ch. 41, § 6 ; Gen. Stat. 1899, § 7543) declares :

"Any party to any proceedings herein shall have the right to have any matters of fact in controversy in said proceedings submitted to the determination of a jury in the district court of the county where the property is situate."

We construe this statute to mean that the findings of the jury are controlling upon the court, and we think that the implication from the findings made is that no private right would be injured or endangered by the exclusion of the tract.    Whether that be so or not, it is difficult to perceive how the exclusion of a quarter-section of farming land from the boundaries of a city like Hutchinson would injure or endanger the bondholders' security.

The judgment of the court below is reversed, with direction to grant the prayer of the petitioner.