ROBERT C. MAYSE V. NOAH WILLIAMS.

No. 15,013.    (91 Pac. 795.)

MORTGAGES — *Assignment Not Recorded — Subsequent Release.*
After the repeal of chapter 160 of the Laws of 1897 by chapter 168 of the Laws of 1899 a mortgagee of real estate assigned to W., who did not record the assignment until M. had purchased a release from the mortgagee. In a suit by W. to foreclose, a judgment for plaintiff, but allowing M. credit for the amount paid for the release, was affirmed.

Error from Clark district court; EDWARD H. MADISON, judge. Opinion filed July 5, 1907. Affirmed.

*Francis C. Price,* for plaintiff in error.

*H. J. Bone,* and *D. R. Hite,* for defendant in error.

*Per Curiam:* Williams brought this suit to foreclose a mortgage on Clark county land which had been executed in 1887 and assigned to him. In 1904 the records showed Nancy Brewer, of Springwater, N. Y., to be the assignee of the mortgage, and Mayse, who was trying to buy the equity of the owner of the land, wrote to her and offered her $50 for an assignment. She replied that she was unable to find the mortgage among her papers but would write him if she succeeded in finding it. He then wrote and offered her $25 for a release, but asked her to make an affidavit which he enclosed stating that she owned the mortgage and had power to release it, but that it was lost and she was unable to find it. She refused to make the affidavit,

but he accepted and paid for the release. As a matter of fact, Mrs. Brewer had assigned the mortgage with others in 1901, but was not aware of it. The assignment to Williams was not recorded until after Mayse secured the release of the mortgage and the quitclaim from the owner of the land. The court allowed Mayse a credit of the $25 paid, and found generally for the plaintiff, foreclosing the mortgage. It is contended that this was error.

Under chapter 160 of the Laws of 1897, requiring all such assignments to be recorded within ninety days after the transfer, and providing in express terms that a release executed to the last recorded assignee should discharge the mortgage, the release relied upon here would have been a complete defense to the action. But in 1899 that law was repealed and a new act, chapter 168 of the Laws of 1899 (Gen. Stat. 1901, §§ 4234-4239), enacted in its place. In the latter the provision that a release by the last assignee of record shall be effectual fully to discharge the mortgage is omitted.

The title to the act of 1897 is as follows: "An act providing for the recording of assignments of real-estate mortgages, and for the release of such mortgages by assignees thereof, and providing penalties for failing to record such assignments"; and that of 1899 reads: "An act in relation to assignments of real-estate mortgages, and to repeal chapter 160 of the Session Laws of 1897." Whatever the purpose of the legislature may have been, whether, as suggested, it believed the former provision hindered and impaired the usefulness of mortgage notes as security, it is clear that the provision was eliminated from the act of 1899, and nothing of the kind left in its place.

Mayse was not a purchaser of the land in this transaction; he was attempting to secure a release and satisfaction of a mortgage from a person whom the evidence shows he had some reason to believe might not be the

owner, with the expectation of afterward acquiring the title to the land free from the mortgage.

The judgment, we think, gave him all that he was entitled to under the circumstances, and it is affirmed.