JAMES M. C. BULLOCK V. N. E. KENDALL, as
Administrator, etc.

No. 16,158.

1. MORTGAGES — Release by Executor — Certificate of Appointment—Notice. A release of a mortgage of record by an executor held insufficient because not accompanied by a certificate of his appointment.

2. —————— Satisfaction. A claim that a mortgage had been satisfied was not sustained.

3. —————— Limitation of Actions. The statute of limitations was not available as a defense in a foreclosure suit.

Error from Greeley district court; CHARLES E. LOBDELL, judge. Opinion filed October 9, 1909. Affirmed.

D. R. Beckstrom, and W. M. Glenn, for the plaintiff in error.

W. H. Russell, and Frank U. Russell, for the defendant in error.

Per Curiam: Neither of the releases set up in the answer was accompanied by a certificate as provided in section 1 of chapter 365 of the Laws of 1903 where a release of a mortgage is made by the executor or administrator of the mortgagee of record, and the court properly held the release insufficient.

Section 4 of chapter 168 of the Laws of 1899 (Gen. Stat. 1901, § 4337) provides that where assignments have not been recorded "the payment of any interest or principal on the debts secured by such mortgages to the mortgagees or the assignees whose assignments appear last of record . . . shall be and constitute a complete defense to any action" thereon. But the finding of the court that Brown paid nothing in satisfaction of either principal or interest on the mortgage is a finding of fact upon conflicting testimony and can not be disturbed. This is a sufficient answer to the claim that the mortgage was satisfied, for, if there was no pay-

ment either on principal or interest, the provision from. which we have just quoted can have no application.

Counsel for the plaintiff in error, however, insist. that the acknowledgment of satisfaction itself constitutes a complete defense to any action, and that such is. the meaning of the statute. Counsel have doubtless. overlooked the decision of the court in *Mayse v. Williams,* 77 Kan. 813, in which this section of the statute was construed to mean that the person paying should only be entitled to credit for the amount paid.

The defense of the statute of limitations can not avail the defendant. The evidence fails to disclose of what state the mortgagor, Kirkpatrick, was a resident when the cause of action accrued or where the owner and holder of the mortgage resided at that time, nor was there any attempt in the answer to bring the case within the rule declared in *Bruner v. Martin,* 76 Kan. 862.

The judgment is affirmed.