625 F.2d 991
 Leslie M. HAWLEY, as Executrix of the Estate of Michael A.
Hawley, and Leslie M. Hawley, Individually,
Plaintiff-Appellant,
v.
BEECH AIRCRAFT CORPORATION, Continental Motors Corporation,
and Teledyne-Continental Motors, Inc., Defendants-Appellees.
 No. 78-1848.
 United States Court of Appeals,
Tenth Circuit.
 Argued Jan. 23, 1980.
Decided July 10, 1980.
 
 David Jaroslawicz of Julien, Schlesinger & Finz, P. C., New York City (R. Daniel Lykins, of Jones, Schroer, Rice & Bryan, Topeka, Kan., with him on brief), for plaintiff-appellant.
 Martin W. Bauer, Wichita, Kan. (William L. Oliver, Jr., Wichita, Kan., with him on brief) of Martin, Pringle, Fair, Davis & Oliver, Wichita, Kan., for defendant-appellee Beech Aircraft Corp.
 Don M. Jackson, of Jackson & Sherman, P. C., Kansas City, Mo. (John Harl Campbell and Lindsay K. McFerrin, of Jackson & Sherman, P. C., Kansas City, Mo., and Charles S. Fisher, Jr., Topeka, Kan., with him on brief), for defendants-appellees Teledyne-Continental Motors, and Continental Motors Corp.
 Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 This appeal presents a choice-of-law question. Plaintiff brought suit for wrongful death based on diversity of citizenship in the district court for the district of Kansas almost two years after the death of her husband. She seeks recovery from the manufacturers of the airplane in which her husband was killed, Beech Aircraft Corporation and Teledyne Industries, Inc., on the theories of strict liability, breach of warranty and negligence. The district court granted defendants' motion to dismiss finding that the Kansas "borrowing statute," Kan.Stat.Ann. § 60-516, required application of California's one-year limitations period for wrongful death. Plaintiff's action was, therefore, barred.
 
 
 2
 At the time of the fatal airplane crash, plaintiff and her husband resided in California, where he was stationed on military duty. The fatal flight originated and crashed in California. The allegedly defective aircraft had been maintained at Edwards Air Force Base in California where it was used for training. Therefore, any pilot error or improper maintenance contributing to the crash would have occurred in California.
 
 
 3
 The offending aircraft was purchased from the manufacturer, Beech Aircraft Corporation, more than ten years before the accident. Beech is a Kansas corporation with its principal place of business in Kansas. The engines, fuel system and fuel pump, listed by plaintiff as "particularly" related to the cause of the crash, were produced as components by Teledyne Industries. Teledyne is a Delaware corporation with its principal place of business in Michigan. The decedent's will was probated and proceedings on his estate were conducted in Ohio, where he and the plaintiff were domiciled at the time of his death. The plaintiff moved to Florida some time after the accident, and instituted this suit from there.
 
 
 4
 In a well-reasoned, detailed opinion, the district court explained that under traditional Kansas law the borrowing statute commands application of the statute of limitations of the locus delicti, here California. California's limitation period for wrongful death is one year. Cal.Civ.Proc.Code § 340.2. The court went further to conclude that even were Kansas to adopt a more modern choice-of-law test, Kansas would not be found to have the most significant interest in this litigation. Plaintiff may not, therefore, benefit by the two-year Kansas statute of limitations. Kan.Stat.Ann. § 60-513. The district court also rejected plaintiff's argument that the doctrine of renvoi would produce a different result. Finally, the district court found Kansas' borrowing statute to be constitutional as applied to bar plaintiff's suit. Plaintiff challenges each of the conclusions reached by the district court.
 
 The Kansas borrowing statute provides:
 
 5
 Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued.
 
 
 6
 Kan.Stat.Ann. § 60-516. Lex loci delicti is the prevailing rule in Kansas for determining where a cause of action arose. See Green v. Kensinger, 199 Kan. 220, 429 P.2d 95, 98-99 (1967); McDaniel v. Sinn, 194 Kan. 625, 400 P.2d 1018 (1965); Bruner v. Martin, 76 Kan. 862, 93 P. 165 (1907).[1] According to plaintiff, this rule is archaic and should be abandoned in favor of a "significant contacts" test. See Restatement (Second) of Conflict of Laws § 6 (1971).
 
 
 7
 Plaintiff contends that the district court may apply the rule state courts will adopt in the future. The district court, however, specifically did not predict Kansas' adoption of a new rule. In this case we will not disturb the district court's analysis of the law of the state where it sits. See Bernhardt v. Polygraphic Co., 350 U.S. 198, 205, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956); Frase v. Henry, 444 F.2d 1228, 1232 (10th Cir. 1971).
 
 
 8
 We note that application of the law of the place of injury and death is not offensive here. "(T)he decedent had a settled relationship to that state . . . because he . . . resided there (and) because he did business there" in fulfilling his armed services duties. Restatement (Second) of Conflict of Laws § 175, Comment f (1971). Moreover, the fatal flight had a significant relationship to California. It originated in California with a plane that had been maintained there and with pilots who resided and were trained there.
 
 
 9
 Plaintiff also argues that, if the Kansas district court must apply California law, it should adopt the "whole law" of the state, including its choice-of-law rules, which would, under the doctrine of renvoi, refer the court back to the law of the forum, Kansas. Even were we to apply renvoi, California's borrowing statute, Cal.Civ.Proc.Code § 361, which must be relied on in reaching for the statute of limitations of another jurisdiction, is operative only when the statute of limitations of the other state is shorter than California's. This is in accord with California's general preference for applying its own law. See Strassberg v. New England Mutual Life Insurance Co., 575 F.2d 1262, 1264 (9th Cir. 1978).
 
 
 10
 Finally, plaintiff would have us find the Kansas borrowing statute unconstitutional as applied. Her constitutionality argument is based on the assumption, which we reject, that California is only fortuitously connected with her right to recover for her husband's death. We find nothing unconstitutional about allowing the California one-year statute of limitations to bar a suit for wrongful death occurring in California under the circumstances present here. Cf. Canadian Northern Railway v. Eggen, 252 U.S. 553, 560-61, 40 S.Ct. 402, 403-404, 64 L.Ed. 713 (1920).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The closest the Kansas Supreme Court has come to repudiating lex loci delicti is to leave the conflict-of-law question open in Brown v. Wichita State Univ., 219 Kan. 2, 22, 547 P.2d 1015, 1031 (1976)