## THOMAS E. HAYDON, Petitioner, *v.* BOARD OF SUPERVISORS OF ORMSBY CO., Respondents.

### PETITION FOR MANDAMUS.

Sections four and five of the Act of March 12th, 1866, in regard to the consolidation and payment of the debts of Ormsby County, are ambiguous as to one point, and equally capable of either construction, as to whether there shall be paid out on bids for the surrender of County indebtedness, all money in the Redemption Fund when the bidding is closed, or only such money as is in the Fund the day an advertisement for bids is first published. The former construction being most beneficial to the public, will be adopted.

*Thomas E. Haydon,* for Petitioner.

*S. C. Deuson,* District Attorney of Ormsby County, for Appellants.

Opinion by BEATTY, C. J., BROSNAN, J., concurring.

This was a petition for an alternative writ of mandamus. The respondents, by their attorney, the District Attorney of Ormsby County, entered their appearance, waived the issuance of the alternative writ, and submitted the cause to the Court on the facts as stated in the petition.

The proceeding is a friendly one, and the parties on both sides are anxious to have the opinion of this Court on the proper inter-

pretation of two sections of the law passed and approved March 12th, 1866, for consolidating and paying the indebtedness of Ormsby County.

On the sixth of December, 1866, the Treasurer of Ormsby County inserted the following advertisement in the *Carson Appeal:*

" COUNTY TREASURER'S NOTICE.—Notice is hereby given that there is now in the Redemption Fund of Ormsby County four thousand five hundred dollars, and that sealed proposals will be received by the County Auditor of said County for the surrender of bonds, warrants, and claims payable out of said Redemption Fund ; which proposals, inclosing or containing the bonds, warrants, and claims offered to be surrendered, will be received at the office of said County Auditor until Monday, the 7th day of January, A.D. 1867, at 10 o'clock A.M.

" JOHN  WAGNER,
" County Treasurer, Ormsby County."

Various bids were made by the holders of County indebtedness, and among the bidders was the petitioner.   The sum of forty-five hundred dollars mentioned in the advertisement was exhausted by bids more favorable to the County than those of the petitioner.  But between the time of inserting the advertisement and the time within which the bidding was to be closed, there had been an additional amount paid into this Redemption Fund.   If this additional amount be distributed to the bidders, the petitioner will have his bids accepted.

The only question is, whether, when the bids were opened, the County Auditors and Commissioners should have accepted bids of sufficient amount to cover all the money in the Fund on the seventh day of January, 1867, or only such as was in the Fund on the sixth day of December, 1866, when the advertisement inviting bids was inserted.

The difficulty arises only on the construction of two sentences, one in the fourth section and the other in the fifth section of the Act.   The doubtful language in the fourth section is as follows :

" That the Auditor of said County will receive sealed proposals for the surrender of bonds, warrants, and claims payable out of said

Redemption Fund, *to the amount of his means to purchase,* as provided in this Act."

So far as this section is concerned, the whole question turns on the interpretation of the words we have italicised in the foregoing quotation. The point is, do they mean " to the amount of his means to purchase " with the funds on hand when he advertises for proposals ? or the funds he will have on hand when the bids are opened ? It appears to us the sentence is equally capable of either interpretation. The words in the fifth section are as follows :

" And the County Treasurer shall open said sealed proposals, and accept the lowest bids for the surrender of any warrants, bonds, or claims payable out of said Redemption Fund *to the amount of money in such Fund.*"

The words italicised in the foregoing quotation are the doubtful words in this sentence. It may be contended that they also refer to the amount of money " in the fund " when the advertisement or proposal for bids is made. But it appears to us the more natural construction of this sentence is to interpret this latter clause as referring to the time when the bids are received. That is, up to the last hour for receiving bids. It does not have any such immediate connection with the advertisement as to require any connection between the time of this sentence and that of the advertisement. Certainly it is doing no violence to the language of this sentence to make the time refer to the time of opening or receiving the bids. We think this interpretation is probably the most convenient to the County, and may save it some expense by avoiding too frequent advertisements. The only possible objection to the convenience and utility of this construction is, that the Treasurer having barely five hundred dollars on hand, might insert his advertisement for bids, stating that fact. That between the day of inserting such advertisement and the day for opening bids he might receive many thousand dollars, and as only the comparatively small sum of $500 would be mentioned as the amount on hand, bidders would be thus misled to the injury of themselves and the public.

There is certainly some force in this objection, so far as the policy of the matter is concerned. Still this objection may be in a great measure avoided. The law requires the Treasurer, where he has a sum exceeding five hundred dollars, to advertise for sealed pro-

posals. That does not, of course, mean that at the precise moment the fund is on hand he shall send off his advertisement; but it would be a sufficient compliance with that clause if he inserted his advertisement at any time after the money came into the fund, and at least fifteen days before the next regular meeting of the Board of County Commissioners. Thus, if there was over $500 in the fund at the beginning of any month, and he anticipated that a larger sum would soon be paid in, he could with propriety wait until the middle part of the month before inserting the notice in the paper, and still have it there in time for the funds to be distributed at the next regular meeting of the Board. So, too, after mentioning in his notice the amount of funds on hand, he could state the fact that other funds applicable to this purpose were expected to be received before the time for receiving bids would expire. The Court will not presume that the Treasurer will fail to use a reasonable discretion in the matter.

The law then being capable of either construction without doing violence to the language used, we will give it such construction as will be most beneficial to the public. We shall hold that the County officers authorized to act in the premises shall distribute all money in the Redemption Fund when the bidding is closed. A positive mandamus will issue in accordance with the prayer of the petition. As the officers acted here doubtless in good faith, and the law was ambiguous, no costs will be allowed either party, but each will pay their own costs.