[No. 2106]

## ALEXANDER McVEIGH MILLER, APPELLANT, *v.* MITTIE POINT MILLER, RESPONDENT.

[142 Pac. 218]

1. DIVORCE—DEFAULT—OPENING—REMARRIAGE OF PARTY.

That since the decree of divorce granted plaintiff he has remarried is no ground for refusing to set aside the decree, if it was obtained through fraud on the court and defendant.

2. DIVORCE — PROCESS — SUBSTITUTED SERVICE — COMPLIANCE WITH ORDER.

The order for substituted service directing the mailing of a copy of the summons to defendant at two addresses, mailing it addressed to her at one of those places, and instead of the other, at a third place, not being a full compliance with the order, does not give the court jurisdiction.

3. DIVORCE—DEFAULT—DECREE—SUBSTITUTED PROCESS—FILING OF AFFIDAVIT OF COMPLIANCE.

That the affidavit of mailing of a copy of the summons to defendant in divorce, as required by the order for substituted service, was not filed when default was entered or when trial was had, and the decree granted, should preclude granting of the decree; and a decree granted without affirmative proof of substantial compliance with an order for substituted service is, at least, voidable.

4. DIVORCE—JUDGMENT—OPENING DEFAULT—SUBSTITUTED PROCESS —NONCOMPLIANCE WITH ORDER.

Aside from the question of fraud, the affidavit of mailing, disclosing that the copies of the summons and complaint, if mailed at all, were mailed to defendant at a different address from that directed by the order for substituted process, warrants the granting of an order vacating the default.

5. DIVORCE—JUDGMENT—OPENING DEFAULT—ABSENCE OF NOTICE OF ACTION.

Even if copies of the summons and complaint were mailed defendant, as directed by the order for substituted process, yet her default can be set aside, if she moves to vacate it within six months of entry of the decree, and it is found that through no fault of her she had failed to receive either such copies or notice of pendency of the action.

6. DIVORCE—APPEAL—REVIEW—FINDING AS TO FRAUD.

Whether fraud was committed on the court, whereby a decree of divorce was. obtained, is a question of fact for the determination of the trial court, on motion to vacate, from all the evidence; and its determination, on a substantial conflict in the evidence, cannot be disturbed on appeal.

7. DIVORCE—OPENING DEFAULT—DELAY IN BRINGING ON HEARING.

Plaintiff in divorce may not complain that defendant did not sooner, after filing her motion to open the default and set aside the decree, bring it on for hearing, she having done so at the first opportunity at which the regular judge, who granted and signed the decree, was present, though, at his request, a judge of another district had been sitting.

APPEAL from the Fourth Judicial District Court, Clark County; *Peter J. Somers,* Judge, presiding.

Action by Alexander McVeigh Miller against Mittie Point Miller for divorce. From an order setting aside defendant's default and from an order denying plaintiff's motion to amend the affidavit of mailing of copies of the summons and complaint, plaintiff appeals. **Affirmed.**

[For other proceedings in this case, see 36 Nev. 115, 442.]

*Augustus Tilden,* for Appellant.

*Stevens & Van Pelt,* for Respondent.

By the Court, MCCARRAN, J.:

An order of the district court of the Fourth judicial district was entered setting aside the default of respondent herein, in an action wherein appellant, Alexander McVeigh Miller, was plaintiff, and respondent, Mittie Point Miller, was defendant. A decree of divorce was granted to appellant by the court below, and within six months thereafter the respondent moved to set aside

the judgment and default entered against her, upon the ground that she had not been served with summons in the action and had no knowledge of its pendency. At the hearing of respondent's motion to vacate, appellant moved to amend the affidavit of mailing filed by attorney for appellant, upon the ground that a clerical error appeared in the affidavit as to the date of mailing. The trial court after having submitted to it many voluminous affidavits as well as oral evidence, together with the files and records in the case, ordered that the judgment and default be set aside and at the same time denied appellant's motion to amend the affidavit of mailing. From these orders appeal is taken to this court.

The record in this case as it is before us furnished ample grounds for many observations. We deem it unnecessary to dwell at length upon the acts or conduct of the appellant, notwithstanding the fact that they are at least circumstances tending strongly to confirm the conclusions which we have arrived at.

[1] The fact that appellant has, since the decree of divorce was entered in his favor by the trial court, remarried, constitutes no ground for refusing to set aside the decree, if, from the record and the facts as presented to the trial court, the decree was obtained through fraud or deception perpetrated upon that court and upon the respondent.

It is unnecessary to touch upon many of the facts and circumstances presented by the record. The respondent asserts in her affidavit that she had no notice of the pendency of a divorce action against her, other than one commenced by plaintiff herein in the State of West Virginia. In this assertion she is supported by the affidavit of Mrs. Irene Miller Chainey, daughter of appellant and respondent, and also by the affidavit of Ralph W. Chainey, at whose house she resided.

The order for substituted service contains an indorsement as having been filed November 18, 1910, by Ralph W. Thomas, as deputy clerk, and a further indorsement as follows: "This paper was put into the files by me as clerk

of this court September 6, 1911, at the request of Richard Busteed. . [Signed] Harley A. Harmon, Clerk."

From this it appears that the order for publication had been withdrawn from the files and was in the possession of appellant's attorney until September 6, 1911.

The affidavit of Alexander McVeigh Miller for an order directing service of summons by publication sets forth: "That to the best information and belief of deponent said defendant is residing at present either in the city of Boston, Mass., or in Alderson, Greenbrier County, in the State of West Virginia."

And further states: "That a just cause of action exists herein in favor of plaintiff and against said defendant, as appears by said sworn complaint on file herein."

The order for substituted service as made by the presiding judge pursuant to the affidavit is as follows: "On reading and filing the foregoing affidavit and upon the papers herein, it is ordered that service of the summons and complaint herein be made upon the defendant herein by publication, and that the same be published once a week for a period of six weeks in the Las Vegas Age, a newspaper published in Las Vegas, Clark County, Nevada, and that a copy of said summons and a certified copy of said complaint be deposited in the postoffice at Las Vegas, Nevada, postpaid and addressed to said defendant at Boston, Mass., at No. 370 Arbor Row, and to Alderson, Greenbrier County, West Virginia."

The affidavit of mailing, as made by Richard Busteed, attorney for appellant, sets forth that on the 5th day of February, 1910, he deposited in the postoffice at Las Vegas a true and correct copy of the summons in the action, together with a true and correct copy of the complaint, upon which first-class postage thereon was fully prepaid by him. He further states that the envelope in which these instruments were inclosed was addressed to the respondent, Mittie Point Miller, "at Alderson, West Virginia," and "at Arbor Way, Forest Hill, Boston, Mass."

The date of mailing, according to this affidavit, was nine months and twelve days prior to the commencement

of the suit. Appellant contends that the date of mailing, as set forth in the affidavit of Richard Busteed, is an error and prayed the court below to be permitted to amend the same to conform to the truth. If this were the only error in the proceedings, we might hesitate; but the affidavit of mailing, aside from this error as to the date of mailing, if such be an error, contains statements vital to the matter at issue.

[2] The order signed by the presiding judge for service of summons by publication and mailing directed that copy of the summons and certified copy of the complaint be deposited in the postoffice at Las Vegas, Nevada, postpaid and addressed to the defendant, Mittie Point Miller, at No. 370 Arbor Row, Boston, Mass., and to Alderson, Greenbrier County, W. Va. The affidavit of mailing, as filed by Attorney Busteed, sets forth: "In the same manner I mailed to the defendant copies of the summons and complaint in this cause, addressed to the defendant at Arbor Way, Forest Hill, Boston, Massachusetts."

In appellant's application to amend the affidavit of mailing he seeks only to change the date on which it is alleged the act of mailing took place. Had the court permitted the amendment upon the application of plaintiff, which in our judgment, based upon the entire record in this case, the court was justified in refusing, although amendments should be liberally allowed. This, however, would not cure the vital defect in the affidavit wherein it appears that, if a copy of the summons and complaint was mailed at all, it was mailed to an entirely different address from that directed by the court in its order for substituted service. By the rule as laid down by the court in the case of *Victor M. & M. Co.* v. *Justice Court,* 18 Nev. 26, 1 Pac. 831, nothing less than a full compliance with the order for substituted service will suffice to give the trial court jurisdiction.

It appears from the record in this case that Mr. Busteed, attorney for appellant, sought to have the application to amend heard by Judge Somers, while the latter was presiding in Las Vegas at the request of the regular judge,

and in his argument to Judge Somers, as taken down by
the court reporter, it appears that Mr. Busteed stated that
the mistake in the date of the affidavit of mailing was made
by an inexperienced clerk of the court; but in the affidavit
of Attorney Busteed, made in support of the application
for permission to amend, he states as follows: "The
affiant avers and alleges that the error in the record in
this case is due wholly to the inadvertence and possible
carelessness, of himself, which was superinduced by the
turmoil and excitement of the trial of causes at the term
of this court which was then in session."

At another place in his affidavit Attorney Busteed
states that the error in the affidavit of mailing was
brought about by reason of his being actively engaged in
the trial and presentation of causes to the court, and that
he knew that the act of mailing had taken place on the
same day on which the order was made directing substi-
tuted service, and that in order to properly make out his
affidavit of mailing he inquired, at the time of entering
the default, of the clerk as to the date on which the order
for substituted service had been entered, and that the
clerk informed him that the order was entered on Feb-
ruary 6, 1910. It must be observed, however, that his
affidavit of mailing does not even conform to his state-
ment made in this respect, for it appears in his affidavit
of mailing that on the 5th day of February, 1910, he
mailed the summons and complaint to respondent. This
was one day prior to the date which he asserts was given
to him by the clerk.

[3] This affidavit of mailing, as appears from the
record, was not on file, either at the time at which the
default was entered, or at the time at which the case was
tried and the decree granted. This fact of itself should
have precluded the trial court from granting the decree,
and a decree granted in a case where there is an order
for substituted service, without affirmative proof of sub-
stantial compliance with the order, is at least voidable, if
not entirely void.

There is another significant fact disclosed by the record

in this case, and it applies more directly to the affidavit of the appellant presented to the trial court for an order for substituted service. In that affidavit there appears the statement, in substance, that the plaintiff did not know the exact whereabouts or address of his wife, Mittie Point Miller. It appears, however, that he was in almost constant communication with his daughter, Mrs. Irene Miller Chainey, and that respondent was residing at the latter's home, and from the supplemental affidavit of Mrs. Irene Miller Chainey it appears that she received many letters from the appellant and she gives the place of mailing of each of these letters in her affidavit. It appears that these letters were mailed at various times from Denver, from Long Beach, and from San Diego, but none appear to have been mailed to her by the appellant from Las Vegas, notwithstanding the fact that during nearly all of this time appellant says that he was a resident of and living in Las Vegas, Clark County, Nevada. Mrs. Chainey, daughter of appellant and respondent herein, was a resident of Boston, Mass., and her home address was No. 370 Arbor Way.

The appellant in his affidavit sets forth that he kept his address from the defendant until the suit for divorce was filed, but it appears from the record that on January 31, 1910, he filed his first suit for divorce in Las Vegas against respondent, and on February 6, 1910, he filed his affidavit for order of publication of summons, and pursuant to his affidavit an order was made that summons be published and that a copy of the summons and certified copy of the complaint be forwarded to the defendant at her address in Boston, Mass., and Alderson, W. Va. This first suit was later dismissed by the trial judge because the evidence disclosed that plaintiff had not resided the required length of time in Clark County. Hence from the record it is disclosed that two separate cases were commenced wherein this appellant was plaintiff and this respondent was defendant. In each case an affidavit of mailing appears wherein it is stated that the summons and complaint in the respective

actions were mailed, addressed to the defendant. If the affidavit in the first instance were true, we are unable to account for appellant's statement made with reference to the last case, wherein he states that he desired to keep his address from defendant until the suit for divorce was filed. Another significant circumstance appears in the fact that, although there is an affidavit of mailing in each case, none of the papers were received by respondent. The record in this case makes it apparent that the appellant was at all times aware of the address and place of abode of his wife and could have notified her of the pendency of his suit without the slightest difficulty, or inconvenience on his part. The mere mention of his suit, in his letters to his daughter, at whose home the respondent lived, would have at least thrown the color of good faith about his conduct.

[4] Aside from the question of fraud, the so-called affidavit of mailing, disclosing as it did that the papers in the case, if mailed at all, were mailed to a different address from that directed by the order for sustituted service, would constitute a fact in behalf in itself sufficient to warrant the court in granting the order vacating the default. The disclosure made in this respect by the affidavit of mailing is a most convincing circumstance in support of the declaration of respondent that she had received no notice of the pendency of the action.

[5] In our judgment it is immaterial as to whether or not fraud was actually perpetrated in this case. If every act of the appellant and his counsel in this case had been regular and the summons and complaint had actually been mailed to the respondent within the proper time, it was within the province of the court to set aside the default of the respondent, if the respondent moved to vacate the same within six months from and after the entering of the decree, and if the court found that through no fault of the respondent she had failed to receive the summons and complaint or had failed to receive notice of the pendency of the action.

[6] The question as to whether or not a fraud was

committed upon the court by reason of which a decree
of divorce was secured in favor of appellant was one of
fact to be determined by the trial court upon the motion
to vacate, from all the evidence and circumstances pre-
sented to it. Following the long-established rule of this
court that where there is a substantial conflict in the
evidence the judgment of the trial court will not be
disturbed, and in view of the fact that there is abundant
evidence in this case to support the orders entered by
the trial judge, those orders should be affirmed.

[7] Appellant contends that respondent should have
prosecuted her motion to set aside the default at an
earlier date. It appears from the record, however, that
attorneys for respondent brought the matter on for
hearing at the first opportunity at which Judge Taber,
the regular judge of the district, was present in Clark
County. It is contended by appellant that as Judge
Somers, the judge of another district, was present in Clark
County at an earlier date after the filing of the motion,
and sitting at the request of Judge Taber, the matter
should have been presented to him for determination.
It appears from the record that Judge Taber heard the
cause in the first instance, and it was he who granted
the decree of divorce, which decree respondent sought to
have set aside. Without a special request made by
Judge Taber, it was not improper for Judge Somers to
have refused to hear or determine the matter in the
absence of the consent of all parties.

It follows that the order opening and setting aside the
default, as well as the order denying appellant's motion
to amend, should be affirmed.

It is so ordered.

TALBOT, C. J.: I concur.

NORCROSS, J., concurring:

I concur in the judgment. As said by this court in
*Symons-Kraussman Co.* v. *Reno Liquor Co.*, 32 Nev. 243,
107 Pac. 97, "the wide power of discretion vested in trial
courts on motions of this character in furtherance of

justice" may not be disturbed except in a clear case of abuse of discretion. From the record in this case, disclosing many affidavits in support of and in opposition to the motion, it cannot be said that the court abused its discretion in setting aside the default. I am of the opinion, however, that the court should have permitted counsel for the plaintiff to have filed any further affidavit he desired relative to the mailing of copies of summons to the defendant.

A liberal rule prevails in permitting amendments. (*Elder* v. *Frevert*, 18 Nev. 279, 3 Pac. 237.) The original affidavit filed was clearly erroneous. If it or the proposed amendatory affidavit contained statements wilfully false, the affiant could be held responsible therefor in appropriate proceedings thereafter. Whether the court should feel justified in accepting the affidavit as conclusive of the averments therein contained is a different matter.

It seems that the order for judgment was made without a reading or examination of the affidavit of mailing; in fact, that the order was made before such affidavit had been filed. Much of the subsequent controversy might have been avoided by a little more care in this regard. If it were necessary to determine that perjury had been established in this case, I should have some hesitancy in concurring in the judgment. Proof of perjury must be clear and convincing. I think a serious question is presented as to whether the proofs are sufficient to warrant the conclusions of the trial court in this respect. In the view I take of this case, however, it is immaterial whether perjury was or was not committed in the proceedings. The defendant was not personally served with process in this case, and she had a right to move within six months after the rendition of the judgment to answer to the merits of the original action. (Rev. Laws, sec. 5084; *Lang Syne M. Co.* v. *Ross*, 20 Nev. 136, 18 Pac. 358, 19 Am. St. Rep. 337; *Young* v. *Fink*, 119 Cal. 109, 50 Pac. 1060.)

Defendant accompanied her motion to set aside with a proposed answer and other affidavits of merits. It cannot therefore be said that the order was improvidently entered.