JOHN FROESCHER, Appellant, v. LUDWIG TABBERT, Respondent.

(187 N. W. 962)

**Trial — where party agreed to submit matters to jury, court's failure to make findings held not error.**

This is an action to recover a certain sum claimed to be owing to the plaintiff for threshing defendant's grain, and to foreclose a threshing lien. The defendant claims that the threshing was performed by another, and that the plaintiff is not the owner of the claim in suit. At the trial the parties stipulated in open court that the case shall "be tried in all respects as a jury case." The case was so tried. The jury returned a verdict for the defendant. The court made an order for judgment pursuant to the verdict, and judgment was entered accordingly. On appeal, the plaintiff contends that the trial court should have made findings of fact. For reasons stated in the opinion this contention is *held* to be without merit.

, Opinion filed April 12, 1922

Appeal from the District court of Mercer county, *Pugh,* J.

Plaintiff appeals from the judgment, and from an order denying his motion for judgment notwithstanding the verdict, or for a new trial.

Affirmed.

*Sullivan, Hanley & Sullivan* and *J. A. Heder,* for appellant.

This action is an action for the foreclosure of a lien and consequently an action triable to the court. We do not anticipate that there will be any argument on that point. Section 7608 C. L. 1913.

In such cases the verdict is merely advisory. Prondinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; State ex rel. Olson v Royal Indemnity Co. (N. D.) 175 N. W. 625; Emery v. First Nat'l Bank, 32 N. D. 575, 156 N. W. 105.

"In giving the decision the facts found and conclusions must be separately stated." Section 7639 C. L. 1913.

This provision is mandatory. Garr Scott Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867.

And the verdict in an equity case does not relieve from necessity of

findings of fact and conclusions of law. Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343.

The failure to comply with the statute is ground for reversal. Gull River Lbr. Co. v. School Dist. 39 N. D. 500, 48 N. W. 340.

*David Schwartz* and *Norton & Kelsch,* for respondent.

Findings of fact may be waived. Findings of fact—How prepared. Section 7641, C. L. of N. D. 1913.

Findings of fact—How waived. Section 7640 C. L. of N. D. 1913. Prondzinski v. Garbutt, 9 N. D. 239.

That findings of fact and conclusions of law were not waived must appear affirmatively of record. 42 Pac. (Cal.) 965.

Section 7656 Compiled Laws of North Dakota 1913 requires that the specifications of the insufficiency of the evidence to sustain the verdict or decision shall point out wherein the evidence is insufficient, etc. Appellant has failed to assign the insufficiency of the evidence as error, as required by statute on motion for new trial, hence is precluded from objecting to the insufficiency of the evidence for the first time on appeal. Jensen v. Clausen, 34 N. D. 637.

The appellate court will disregard an objection to the sufficiency of the evidence to sustain the decision in absence of proper and specific specifications of the insufficiency of the evidence. Updegraff v. Tucker, 24 N. D. 171.


CHRISTIANSON, J. The plaintiff brought this action to recover $79.43 with interest from November 5, 1920, which he alleges is due him for threshing defendants's grain in the fall of 1920, and also to foreclose a thresher's lien securing the claim sued upon. The answer denies that the plaintiff was the owner of the cause of action set forth in the complaint, denies that the plaintiff was the owner or lessee of the threshing machine, and alleges that he operated the same under the direction and supervision of one Christ Froescher plaintiff's father, and that said Christ Froescher was the owner and operator of said machine at the time the threshing was done. The answer further alleges that the defendant made the agreement for threshing with Christ Froescher. The answer further alleges that the defendant has counterclaims against said Christ Froescher aggregating the sum of $352.25, and that the action is brought in the name of John Froescher for the

purpose of precluding the defendant from setting up such counterclaims against Christ Froescher. When the case was called for trial it was stipulated in open court "that the same be tried in all respects as a jury case." Thereupon a jury was duly empaneled and sworn to try the case. and it was duly tried and submitted to the jury under general instructions, with directions to return one of two verdicts, that is, either a verdict for the plaintiff for the amount found to be due him on his claim, or one in favor of the defendant. The jury returned a verdict in favor of the defendant. The court made an order for judgment pursuant to the verdict. Judgment was entered accordingly for a dismissal of the action. Thereafter the plaintiff moved for judgment notwithstanding the verdict or for a new trial. The motion was denied, and the plaintiff has appealed from the judgment and from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

On this appeal the plaintiff asserts that the judgment must be reversed because the trial court failed to make findings of fact. It is contended that, inasmuch as this case was an equitable one, the verdict was advisory only, and that it was incumbent upon the court to make findings of fact and conclusions of law. In our opinion this contention is without merit. The only question in this case was whether the plaintiff had performed the threshing and was the owner of the claim sued upon. The undisputed evidence was to the effect that Christ Froescher (plaintiff's father) was the owner of the threshing machine. The plaintiff claimed that he had leased the threshing machine from his father; that he contracted with, and performed the threshing for the defendant, and that defendant was accordingly indebted to him for the amount of the threshing bill. On the other hand, the defendant claimed that Christ Froescher agreed to perform the threshing; that he (Christ Froescher) actually did perform it, and that he is indebted to Christ Froescher, and not to the plaintiff, for the amount of the threshing bill. The defendant further alleged, and introduced evidence tending to show, that he had valid counterclaims against Christ Froescher aggregating considerably more than the claim in suit. The only question in dispute was as to whether the plaintiff had performed the service and was the owner of the claim in suit. As to this proposition there was, in our opinion, such conflict in the evidence as to make it a question of fact for the jury whether plaintiff's or defendant's version was the correct one. That question was of such nature as to be very properly triable to a jury. The parties expressly stipulated that the case should "be tried in all respects

as a jury case." And in view of this stipulation we are unable to see any reason why the court should continue to treat the action as a court case. There was only one disputed question of fact in the case. The obvious purpose and intention of the parties, as manifested by their stipulation, was that that question should be determined by the jury. The trial court recognized and gave effect to the stipulation. It is axiomatic that, "when the reason of a rule ceases, so should the rule itself" (§ 7244, C. L. 1913) ; that "he who consents to an act is not wronged by it" (§ 7249, C. L. 1913) ; and that "acquiescence in error takes away the right of objecting to it" (§ 7250, C. L. 1913). See Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Dring v. St. Lawrence Twp., 23 S. D. 624, 122 N. W. 664; State v. Hayes, 23 S. D. 596, 122 N. W. 652; Whaley v. Vidal, 26 S. D. 300, 128 N. W. 331.

The judgment and order appealed from are affirmed.

GRACE, C. J., and BIRDZELL, BRONSON, and ROBINSON, JJ., concur.