No. 2586

## WING v. WILTSEE

March 5, 1924.                223 Pac. 334.

1. LIMITATION OF ACTIONS—CAUSE OF ACTION BARRED IN CALIFORNIA WHERE IT COULD HAVE BEEN PROSECUTED WAS BARRED IN NEVADA.

> Where an action could have been prosecuted by plaintiff in the State of California, but was barred in that state by statute at the time the action was commenced in Nevada, the cause of action was also barred in Nevada under Rev. Laws, 4947, notwithstanding the cause of action was not barred in New York where the money sued for was payable.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action by Thomas E. Wing, as substituted trustee under a certain trust agreement made between George W. McElhiney and Ernest A. Wiltsee, and Guardian Trust Company of New York, under date of March 2, 1908, against Ernest A. Wiltsee. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. **Affirmed. Pending on petition for rehearing.**

*Wing & Russell; Cheney, Price, Hawkins & Lunsford; Cheney & Lunsford,* and *Joseph J. Hutchinson,* for Appellant:

Lewis v. Hyams, 26 Nev. 68, holds that cause of action arises in jurisdiction where defendant may be found when his obligation matures, and, if barred there, is barred in Nevada. In instant case, when defendant's obligation matured he was not in California, the bar of whose statute he claims. Did the cause of action rearise

in California when defendant came there long after his obligation matured, having arisen, according to the Lewis case, in some other jurisdiction at the time of maturity?

The rule in Lewis case is distinguished from rule in California, New York, etc., that cause of action arises in jurisdiction where obligation is to be performed, regardless of where defendant is present.

The Supreme Court of the United States, several other federal courts, and courts of last resort of at least nineteen states, look solely to bar of jurisdiction where cause initially arose. Unless that bar has fallen, action is not barred in forum.

Twenty-six states are without comity statutes or have dissimilar ones. Only three states—Illinois, Minnesota and Nebraska—say it may rearise in as many jurisdictions as defendant enters. But Illinois and Nebraska statutes are markedly dissimilar, and in Minnesota the precise point was not up for decision, and ruling is pure dicta. It is upon decisions of these three states that defendant relies.

The "Nevada" and the "New York-California" schools of judicial thought are at one on the point that unless cause is barred where it arose, it cannot be barred in this jurisdiction under Rev. Laws, 4947.

In West v. Theis, 15 Idaho, 167, 96 Pac. 932, obligation was made and to be performed in Kansas. Plaintiff's decedent and defendant maker were residents of and present in Kansas at time of execution. At maturity of some of obligations defendant was still present in Kansas, but moved to Washington before maturity of others, and continued there until bar of that state had fallen. Action was not barred in Kansas. On suit in Idaho he pleaded Washington bar under Idaho comity statute. Trial court held plea good, but supreme court reversed decision.

Rev. Laws, 4947, clearly contemplates that cause of action has arisen elsewhere and that it has been barred elsewhere.

Contract expressly provided rights should be determined by laws of New York. Reliance upon statutes

other than those of New York, where action was not barred, was violation of contract which cannot be permitted here. State Loan and Trust Co. v. Cochran, 130 Cal. 252; 2 Wharton, Conflict of Laws, 1433, 1434.

Cause of action cannot arise in any jurisdiction other than that in which contract is made and is to be performed. McKee v. Dodd, 93 Pac. 854.

Defendant says that you must look to terms of law of foreign jurisdiction to determine whether this action is barred there, but you may not look to it to determine whether it arose there.

In Wing v. Smith, 121 N. E. 899 (1919), the Court of Appeals of New York, the court of last resort of that state, affirmed, per curiam and without dissent, decision of appellate division of supreme court, in turn affirming decision of trial division of supreme court, in favor of the there plaintiff, the plaintiff-appellant in instant case, upon a complaint in terms almost word for word the same as that before this court and with, appended to it, precisely the same contracts. This is precisely same case as Wing v. Smith, 159 N. Y. Supp. 454, and Wing v. Smith, 150 N. Y. Supp. 447. Thus New York's highest court upheld action of intermediary appellate tribunals in all respects.

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* and *J. P. O'Brien,* for Respondent:

The Lewis v. Hyams decision, notwithstanding counsel's criticism, has been consecrated by time and the rule of stare decisis, is the law of this state, and has been approved by courts of other jurisdictions. It held that a cause of action arises "when jurisdiction exists in the courts of the state to adjudicate between the parties upon the particular cause of action * * * without regard to the place where the cause of action had its origin." On rehearing, following the rule in Hyman v. McVeigh, 10 Chi. L. N. 157; Hyman v. Bayne, 83 Ill. 256; Wooley v. Yarnell, 142 Ill. 449.

Appellant's conclusion of what Lewis case holds is very antithesis of conclusion of Illinois supreme court

in Davis v. Munie, 85 N. E. 943. Strong v. Lewis, 68 N. E. 556, is a case in all respects identical with instant case.

Except in Hayes Land and Investment Co. v. Bassett (Kan.) the question at bar has never been presented squarely to any court of last resort excepting those of Illinois and Minnesota.

Michigan has no comity statute, and, excepting the Kansas decision above quoted, causes cited by counsel are all of states which have adopted the California rule. Nevada and other states have adopted a different rule.

This case was tried on theory—and we frankly admit it was our theory—that place of defendant's residence on date of maturity was of no particular moment, in so far as respondent's right to prevail on the statute-of-limitation defense was concerned.

California court's construction of its statute in McKee v. Dodd is not binding upon Nevada court in construction of its own statute, and differs from that of Nevada in Lewis case. As Judge Callahan pointed out, "The fault in the argument of plaintiff lies in this, that it does not recognize the rule that the forum looks to its own laws to determine where the cause of action arose; that it uses the California definition of the word 'arisen' instead of the Nevada definition."

Obviously the reason plaintiff did not commence this action in California was that he knew the action was barred by the California statute in January, 1917, when it was commenced in Nevada.

Findings necessary to support the judgment are presumed where findings are not made or requested. Murray v. Osborne, 33 Nev. 267.

The far-fetched implication that by "right" was meant "remedy" should not be engrafted upon language of contract. Remedies are governed by laws of country where suit is brought. 17 R. C. L. 666, 697.

By the Court, COLEMAN, J.:

This action was commenced in the district court for Washoe County to recover judgment upon a contract

executed in New York State, and by its terms payable there. Several defenses were pleaded in the answer, among them the statute of limitations. The trial court found that this defense was established, and accordingly rendered judgment in favor of the defendant. This appeal is from the judgment and an order denying a motion for a new trial. We will refer to the parties as plaintiff and defendant, as in the trial court.

The undisputed facts are these:

The defendant was born, raised, and educated in the State of New York, and in early manhood migrated to Colorado in November, 1886, where he held two or three positions. Leaving Colorado in 1888 he went to Grass Valley, Calif., where he accepted employment, established his residence, and become a voter. Later he accepted a position in the mining bureau of the state government. In December, 1892, he left California and went to South Africa, accepting a position as manager of mining property for Barnato. Having made a fortune of several hundred thousand dollars, in December, 1895, he severed his connections in South Africa and returned to California and opened an office in San Francisco. Ever since 1896 he has been interested in mining and other enterprises in California, having invested large sums of money there. He was married in October, 1905, after which he spent much time abroad until 1915.

The contract which is the basis of this action was executed in 1908 and the payment for which recovery is sought fell due March 1, 1909. It does not appear from the record where the defendant was on March 1, 1909, but plaintiff proceeds upon the theory that he was in Paris. In the spring of 1914 the defendant cabled his attorney in San Francisco, from Paris, directing him to telegraph Wing & Russell, of New York, that he had irrevocable authority to appear for him in a suit brought in the State of California upon the claim now in question. The attorney did so, and Wing & Russell replied, declining to sue in California. The defendant was never a resident of Nevada, and summons in this case was

served upon him on the train as he was passing through the state.

Such other facts will be mentioned in the opinion as may be necessary to a complete understanding of the question presented.

There is but one question for us to decide, and that is whether or not the conclusion of the trial court to the effect that this action is barred by our statute of limitations is correct. If the court was right in its conclusion, the judgment should be affirmed; otherwise it must be reversed.

In its formal findings the court reached the conclusion that the contract in question was executed in New York City, and that the payment falling due thereunder became payable in that city on March 1, 1909; that the defendant was actually and physically present in the State of California for two years prior to January 24, 1917, the date of the commencement of this action; that suit on the contract was barred in the State of California, in which the defendant was residing at the time this action was instituted.

Our statute applying to the case in hand is section 4947 of the Revised Laws, which reads:

"When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of a citizen thereof who has held the cause of action from the time it accrued."

The theory of the defendant is that, though this action is not barred in the State of New York, it was barred by the statute of California, and hence there can be no recovery in this state pursuant to the statute just quoted. The trial court adopted this view and rendered judgment accordingly. The statute quoted has been in force in this state for many years, and was applied by this court in the case of Lewis v. Hyams, 26 Nev. 68, 63 Pac. 126, 99 Am. St. Rep. 677, 64 Pac. 817.

Counsel for appellant have made a very thorough presentation of their views, both in oral argument and in briefs, wherein it is urged: (1) That the Lewis case is not controlling for the reason that the facts in this case do not bring it within that one; and (2) should we hold that it is, the law of that case is not sound, and is contrary to the great weight of authority, and hence it should be reversed.

Let us consider the first contention: The suit of Lewis v. Hyams was upon a promissory note executed in behalf of the firm of Hyams Bros., in San Francisco, by one member of the firm who was a resident of that city, the other member being a resident of New York, and who was never in California. Both of the members of the firm were sued in Nevada. The statute here invoked was pleaded in that case. The note being clearly barred under the California law as to the defendant resident of that state, the trial court rendered judgment in his favor, but rendered judgment against the resident of New York who was a member of the firm. The defendant against whom the judgment was rendered appealed to this court, and the judgment was reversed. As we understand the theory of the respondent in that case, it was that a cause of action had not arisen upon the note in New York, where he resided, because the note was payable in California.

In other words, determination of the case turned upon the proposition as to where the cause of action arose, and, as we understand the contention of counsel, upon the determination of that question the decision of the instant case depends. It is clear that the court in reaching its conclusion in the Lewis case first determined the question as to whether the cause of action arose in New York. The court, after referring to several authorities and making several observations, said:

"We are of opinion that * * * the cause of action thereon against the appellant arose or accrued in the State of New York; that in such case as this the cause of action accrues in any state against defendant where he may be found."

But counsel for appellant in the instant case seek to show that, since there is no definite finding of the court to the effect that the defendant was actually residing in California on March 1, 1909, the date the note fell due, it does not come within the Lewis case.

Counsel for respondent rely upon the well-settled rule that, where there is no formal finding upon a point, one will be presumed to sustain a judgment, and that we must presume that the trial court found that the defendant was in California on March 1, 1909. As to this it is said by counsel for appellant that there was a request for a finding on that point, and the court refused to make a finding. We think counsel are in error. After the court had made formal findings plaintiff requested an addition to Finding No. 13, reading as follows:

"Since March 1, 1909, defendant has never been a resident of the State of California.  *  *  * "

It will be seen that the requested finding did not refer to the date the note fell due, namely, March 1, 1909, but "since" that date. Furthermore, to have granted the request the court would have made a finding in conflict with its finding that the respondent "was actually and physically present in the State of California for more than two years prior to January 24, 1917." Reading as it does, it is questionable what the purpose of the requested addition to Finding No. 13 was. In any event the contention of counsel for appellant is not well taken. However, we do not wish to base our judgment upon the presumption suggested, if it be conceded that there is such a presumption in this case.

Reverting to the contention that the instant case is not controlled by the Lewis case because there is no finding that the defendant was in California on March 1, 1909, we may say that in our opinion, conceding that he was not there, nevertheless the Lewis case controls. In deciding that case the court had but one question to determine, namely: What is meant by the phrase "where the cause of action arises in another state"? That was a question of law. If its conclusion as to the law was sound it must govern here, whether or not the defendant was in California on March 1, 1909. In deciding

that case the court nowhere alluded to the fact of the appellant's residence on a given date, nor made that matter a factor in the case. The questions the court asked and answered show that proposition was not considered. It is clear that the holding of the court was based upon the question as to whether jurisdiction could be obtained over the defendant so as to enable the prosecution of the action with effect, after the note became due, regardless of the time and place when and where such jurisdiction could be obtained. That was the point the court decided, and none other, and the case is squarely in point under the finding of the court in the instant case. An action could have been prosecuted by the plaintiff in this case, with effect, in the State of California, under the finding of the trial court, but, the bar of the statute of that state having arisen at the time this action was commenced, it was barred in Nevada under the holding in the Lewis case.

This brings us to the contention that the Lewis case is not sound and is contrary to the weight of authority, in support of which we are asked to consider the case of West v. Theis, 15 Idaho, 167, 96 Pac. 932, 17 L. R. A. (N. S.) 472, 128 Am. St. Rep. 58, and the authorities there cited. Our attention is also directed to some other cases which, while not disposing of the point, are, it is said, worthy of consideration. We think the conclusion reached in the Lewis case and in the cases referred to in the opinion denying a rehearing therein are based upon sound reasoning. We have not deemed it necessary to take up the cases supporting the two views suggested and analyze them, contenting ourselves with merely adhering to the conclusion in the Lewis case and the reasoning therein advanced.

Though the fact that the plaintiff followed the defendant into this state, while he was passing through on his way to another state, for the purpose of instituting his suit here is not a matter which can influence us in determining the question in hand, it certainly would not, were the question a doubtful one, incline us to

reverse a former ruling of this court.   We can conceive of no good reason why we should thus encourage non-residents to come into this state to litigate questions that might have been litigated elsewhere, thereby burdening the state with expense and contributing to the congestion of our courts.

The judgment is affirmed.