## SMITH *v.* SOUTHERN PACIFIC CO.

### No. 2797

January 7, 1928.                        262 P. 935.

1. APPEAL AND ERROR—TIMELY APPEAL.

Appeal from order denying defendant's motion for new trial was timely, where it was taken within 60 days after entry of order denying motion, though order was made more than a year after entry of final judgment in case, since there are two separate rights of appeal under Rev. Laws, 5329, as amended by Stats. 1913, c. 91, providing in one subsection that appeal may be taken from order granting or refusing a new trial within 60 days after order is made and entered in minutes of court, and in another subsection that appeal may be taken from final judgment within six months after rendition of judgment.

2. STATUTES—STARE DECISIS.

While supreme court is not bound by construction of Rev. Laws, 5329, as amended by Stats. 1913, c. 91, limiting time for taking appeals, which was uniformly adopted by bench and bar since adoption of statute in substantially same form by Stats. 1869, c. 112, it will not overthrow such construction unless clearly contrary to legislative intent.

3. STATUTES—DOUBTFUL STATUTE CONSTRUED.

Rev. Laws, 5329, as amended by Stats. 1913, c. 91, limiting

time for taking appeals, if doubtful in meaning, must be given that construction which would be least likely to produce mischief.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 1035, p. 1044, n. 32.
STATUTES—36 Cyc. p. 1112, n. 72; p. 1140, n. 62.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Beatrice F. Smith, as administratrix of the estate of Newton N. Smith, deceased, against the Southern Pacific Company. From an order denying defendant's motion for a new trial, defendant appeals. On motion to dismiss the appeal. **Motion denied.**

*Edw. C. Short, Geo. S. Green* and *A. Grant Miller,* for Movant:

Since 1869 settled law has been that appeal should be taken, first within one year, and latterly within six months from judgment. Rev. Laws, 5328, does not purport to change this, and very provision that appeal from order denying motion for new trial shall be brought within sixty days shows purpose was to bring such appeal within the six months period. Reasoning in cases decided in states having different statutes shows correctness of this proposition. Pendency of motion for new trial does not extend period of appeal. Gohl v. Bechteld, 163 NW. 725; Board v. Linker, 187 NW. 635; Erwin v. Seeman, 176 NW. 652.

Motion for new trial must be determined before appeal is taken. Gill v. Goldfield Con. Mines Co., 43 Nev. 1. Rev. Laws, 5328, so providing, had never been repealed.

Nowhere is appeal allowed to stand if taken too late. Bayles on New Trials and Appeals (1923 ed.), 329; Cox v. Am. Exp. Co., 124 NW. 202; Sharp v. Brown, 51 NW. 1030; Hahn v. Bank, 114 P. 1134; Ward v. Silver Peak Co., 37 Nev. 470.

Points now presented were not considered in Nelson v. Smith, 42 Nev. 302.

Judgment is final when entered. Central Trust Co. v. Holmes Co., 30 Nev. 437.

In Leeker v. Leeker (Ariz.), 202 P. 397, it was said that if court holds motion to modify or vacate judgment for more than six months before passing upon it, he does what statutes expressly forbid. Court loses jurisdiction to pass upon motion after time for appeal has expired. Gallagher v. Bank, 81 NW. 1057.

*Brown & Belford,* for Appellant:

Proceedings on motion for new trial are not in direct line of judgment, but are independent and collateral. Kerr C. C. P. (1st ed.) sec. 939; Rev. Laws, 5329; Brooks v. Nickel Syndicate, 24 Nev. 311; People v. Bank, 112 P. 866.

In California, judgment does not become final until time of appeal therefrom has expired. Water's Estate, 185 P. 951.

In Nevada there has always been right of independent appeal from order granting or refusing motion for new trial, and time thereof has never been limited by time for appeal from judgment. Comp. Laws, 1391; Cutting's Comp. Laws, 3425. Bench and bar have always recognized that appeal from order on motion for new trial within sixty days after entry of order is in time, even though after time for appeal from judgment. Nelson v. Smith, 42 Nev. 302; Kondas v. Bank, 50 Nev. 181.

Rev. Laws, 5328, merely adds to grounds upon which motion for new trial must be made. Only limitation upon right to appeal from order on motion for new trial is that if appeal is taken from judgment without first moving for new trial, right thereto is waived. This section must be construed with section 5329, as well as long established practice and implied contemporaneous construction.

Party may appeal from judgment or order on motion for new trial, or both, by one notice. Latter is entirely independent of former.

## OPINION

By the Court, COLEMAN, J.:

1. This case is before the court on the motion of the plaintiff to dismiss the appeal which was taken from the order denying the defendant's motion for a new trial.

The ground of the motion is that the appeal was not taken within six months from the rendition of the judgment in the case. It is conceded that the appeal was taken within 60 days from the entry of the order appealed from.

The time within which an appeal may be taken is fixed by section 5329, Rev. Laws (section 387, Civ. Code), as amended by chapter 91, Stats. 1913, which reads:

"An appeal may be taken:

"1. From a final judgment in an action or special proceeding commenced in the court in which the judgment is rendered, within six months after the rendition of the judgment.

"2. From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment, within sixty days after the order is made and entered in the minutes of the court.

"3.   *   *   *

"4.   *   *   *"

The ground for the motion is:

"That the final judgment in said action was rendered on the 3d day of May, 1926; that the said appeal was not taken until the 1st day of September, 1927; that appellant did not make its motion for a new trial of said action in said Second judicial district court of the State of Nevada in and for the county of Washoe until the 26th day of May, 1927; and that said appeal was not taken within the time allowed by law."

The order denying the motion for a new trial was entered July 6, 1927, and the appeal was taken September 1, 1927.

Counsel for movant state their contention as follows:

"The point which we desire to present to the court in this motion is that the pendency of the motion for a new trial does not extend the period of appeal, and that the time for appeal to bring any case to this court in this state is limited to six months, and that the motion for a new trial provided by a later act must be heard and determined within the six months' period in order to give them an appeal at all."

Counsel apparently base their contention chiefly upon the theory that the statute provides that the appeal "must" be taken within the period of six months after the rendition of the judgment, for such statement was made several times during the argument.

The word "must" is not used, nor is it contended that it is; nor is it said that the word "may" should be construed to mean *must*. If it were, it would not change the intent of the statute so far as the situation presented is concerned.

We are unable to find any language in the section quoted which is susceptible of the contention made. The section in question is so clear to our minds that we find it difficult to elucidate. Its purpose is to authorize an appeal by a party when he finds himself in one or more of the classes mentioned, and the right to appeal when the circumstances bring him within one class is entirely independent of the right given in either of the other classes. In fact, it is clear that, if the circumstances bring him within two of the classes mentioned, he has two separate and distinct grounds of appeal.

2. The section quoted, so far as it is material here, is substantially the same as it was adopted in 1869 (Stats. 1869, p. 248), and during all of these years it has been uniformly construed by bench and bar to authorize an appeal from an order denying a motion for a new trial within sixty days from the denial of the

motion, regardless of how long a time has elapsed between the rendition of the judgment and the making of the order.

The question is not a doubtful one, but, if it were, the construction so long accepted would not be lightly overturned.

This court quoted with approval from Stuart v. Laird, 1 Cranch, 308, 2 L. Ed. 115, in which the construction of a certain federal law was in question, as follows:

"To this objection, which is of recent date, it is sufficient to observe that practice and acquiescence under it for a period of several years, commencing with the organization of the judicial system, affords an irresistible answer, and has indeed fixed the construction. It is a contemporary interpretation of the most forcible nature. This practical exposition is too strong and obstinate to be shaken or controlled. * * * The question is at rest, and ought not now to be disturbed." State v. Glean, 18 Nev. 44, 1 P. 186.

While we do not wish to be understood as holding that a construction adopted by bench and bar is conclusive, it is certainly persuasive in any case in which it has uniformly been indulged so long, and, unless such construction is clearly contrary to the legislative intent, it will not be overthrown.

3. If the statute were doubtful, it would be the duty of the court to adopt that construction which would be the least likely to produce mischief. Arnold et al. v. Stevenson, 2 Nev. 234; Haydon v. Board, etc., 2 Nev. 371; O'Neil v. N. Y. & S. P. Co., 3 Nev. 141; State v. Brodigan, 37 Nev. 255, 141 P. 988.

For the reasons given, it is ordered that the motion be denied.