Estate, 76 Colo. 286, 230 P. 618; Topper v. Perry, 197 Mo. 531, 95 S. W. 203, 114 Am. St. Rep. 777.

For the reasons given it is ordered that the judgment be affirmed.

ON PETITION FOR REHEARING

December 12, 1932.

*Per Curiam:*

Rehearing denied.

DAVIS *v.* DAVIS

No. 2956

August 30, 1932.                    13 P.(2d) 1109.

*Green & Lunsford,* for Appellant:

*Painter & Withers,* for Respondent:

## OPINION

*Per Curiam:*

This is a suit for divorce tried to a jury. The case is before us on an appeal from a judgment in favor of the plaintiff and from an order denying a motion for a new trial.

The plaintiff alleges in his complaint that he is a bona fide resident of Washoe County, Nevada; that

the plaintiff and defendant are husband and wife. He pleads two causes of action, desertion and extreme cruelty.

The defendant admits the marriage, but denies that the plaintiff is a bona fide resident of Washoe County. She also denies the allegations of desertion and extreme cruelty. She pleads affirmatively that plaintiff's alleged cause of action is barred by the statute of limitation of California (Civ. Code, sec. 124), in which state both parties resided until some time over three months prior to the institution of this suit. She further alleges affirmatively that the plaintiff deserted and abandoned her; that the plaintiff was guilty of extreme cruelty toward her. By the prayer to her cross-complaint the defendant does not ask for a divorce, but does ask for separate maintenance.

The jury brought in a general verdict in favor of the plaintiff, upon which the court entered a general judgment without specific findings of facts.

The parties will be referred to herein as plaintiff and defendant.

The first alleged error urged upon our consideration is that the trial court never acquired jurisdiction to enter a judgment or decree in favor of the plaintiff. This contention is based upon two propositions, namely: (1) That the law of Nevada at the time plaintiff alleges he became a resident of the state, and when this suit was instituted, provided that the plaintiff must have resided in the state not less than three months, where the grounds for divorce do not accrue within this state, prior to the filing of the suit, and that since the plaintiff had not resided in Nevada three calendar months prior to the filing of the suit, he could not maintain the same; (2) that the plaintiff was not a bona fide resident at the time the suit was filed even if the first contention is without merit.

Counsel for defendant cite several authorities to the effect that the statute contemplates a residence of three calendar months.

█ The courts of this state have construed our divorce statutes contrary to the contention made for nearly seventy years. To take any other view at this time would upset property rights of long standing, bastardize hundreds of children, and entail disastrous consequences too numerous to mention. These considerations justify us in rejecting the contention without considering it upon its merits. State v. Glenn, 18 Nev. 34, 1 P. 186; Worthington v. Second Jud. Dist. Ct., 37 Nev. 212, 142 P. 230, L. R. A. 1916A, 696, Ann. Cas. 1916E, 1097; Smith v. S. P. Co., 50 Nev. 377, 262 P. 935. As to the second contention, we may say that although the evidence is conflicting, there is substantial evidence to support the verdict of the jury, hence we are precluded from weighing it. Thompson v. Thompson, 49 Nev. 375, 247 P. 545, 47 A. L. R. 569.

█ It is next contended that the court erred in entering a general judgment, without making findings and conclusions of law, in favor of the plaintiff. In view of the fact that the judgment must be reversed, we do not deem it necessary to determine this point. However, we think it the better practice and safer course for the court in divorce suits to make special findings as a basis for a decree, for while a divorce suit is statutory (Effinger v. Effinger, 48 Nev. 209 and 217, 228 P. 615, 239 P. 801), it nevertheless partakes of the nature of an equitable proceeding (Thompson v. Thompson, supra), and we feel safe in saying that it has been the general practice in such suits to make findings of facts.

We are of the opinion that the court did not err in giving instruction No. 3. The second paragraph of this instruction, of which complaint is made, was intended to and does instruct the jury correctly as to the law embraced in the proviso of the statute relating to residence.

As to instruction No. 10, we need only to say that we have never before known such an instruction to be given, and as it is not likely to be given upon a retrial of the case, we need not comment upon it, except to

say that we think such an instruction is likely to be confusing to a jury.

■ Instruction No. 11 is a correct statement of the law based upon the assumption that the jury finds the facts in accordance with the theory of the plaintiff. No error was thus committed. Zelavin v. Tonopah Belmont Dev. Co., 39 Nev. 1, 149 P. 188.

■ The court did not err in refusing to give defendant's requested instruction relative to the bona fide residence of plaintiff, as contended, since that question is covered by an instruction given by the court.

■ We do not think the court erred in refusing to give defendant's requested instruction relative to laches and the statute of limitations of California.

The causes of action sued upon arose under the statute of Nevada as to which no statute or law of California would apply, nor has the rule declared in Wing v. Wiltsee, 47 Nev. 350, 223 P. 334, any application.

■ We are of the opinion that the court erred in admitting in evidence the deposition of Nora Silva. The deposition in question was taken in an alleged previous suit pending between the parties in California. The deposition was objected to upon several grounds, among them that there is no evidence showing that there is a superior court in California in which the deposition purports to have been taken; that there is no proof that the deposition is a part of any record in any court in California; and that the trial court could not take judicial notice of the existence of a superior court in California.

The courts of this state cannot take judicial notice of the existence of a superior court in California. For this reason alone we must conclude that the court erred in admitting the deposition. Furthermore, there is no showing that the deposition was made a part of the record in a California suit, and until that is done it could not be certified to pursuant to the requirement of the act of Congress (see 28 USCA, sec. 687).

■ We think, too, that the court erred in overruling

an objection to the following question proposed to one of defendant's witnesses by her counsel: "Did you ever observe whether Colonel Davis was or was not of a quarrelsome disposition?" It is the well-established rule that traits of character can only be established by showing one's general reputation as to such traits, and not by showing a specific act, or the failure to observe a specific act. State v. Pearce, 15 Nev. 188; 22 C. J. p. 479, sec. 574.

■ We think the court erred in giving instruction No. 13. This instruction pertains to the question of desertion and advises the jury that if the wife refuses to live in a suitable home provided by the husband it constitutes desertion. There is no evidence upon which this instruction could be based, since there is no testimony that the plaintiff provided such home. The court erred in giving instruction No. 14 for the same reason.

Some other points are made by defendant, but as they are not likely to arise on a retrial, we do not find it necessary to pass upon them.

The judgment and order appealed from are reversed, and a new trial is ordered.

ON PETITION FOR REHEARING
December 21, 1932.

*Per Curiam:*

Rehearing denied.

COLEMAN, C. J.: I dissent.