# PROUSE *v.* PROUSE

No. 3134

April 3, 1936.                                 56 P. (2d) 147.

*William S. Boyle,* for Appellant:

*Samuel R. Tippett, L. D. Summerfield,* and *Harlan L. Heward,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

Plaintiff brought this action for divorce in the First judicial district court of the state in and for the county of Ormsby. He alleged in his complaint: "That the plaintiff is now and for a period of more than six weeks preceding the commencement of this action has been a bona fide resident of the County of Washoe, State of Nevada, and has been for said period of time actually, physically and corporeally present in said county and state."

On this account a special demurrer was interposed, challenging the jurisdiction of the court. The demurrer was overruled. Defendant failed to answer within the time given by the court. Her default was entered and a decree of divorce granted to plaintiff.

■ It is contended that the trial court had no jurisdiction of the action because, as the complaint shows, plaintiff was not a resident of said Ormsby County, but, on the contrary, was a resident of said Washoe County, in the Second judicial district, when the action was instituted.

The pertinent part of the statute involved reads: "Divorce from the bonds of matrimony may be obtained by complaint, under oath, to the district court of any county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, or in which the parties last cohabited, or if plaintiff shall have resided six weeks in the state before suit be brought. * * * Unless

the cause of action shall have accrued within the county while plaintiff and defendant were actually domiciled therein, no court shall have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been resident of the state for a period of not less than six weeks preceding the commencement of the action." Stats. 1931, c. 97, p. 161.

The foregoing statute amended the law found in section 9460 N. C. L., which then read: "Divorce from the bonds of matrimony may be obtained, by complaint, under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided three months before suit be brought."

The amendment reduced the required time of residence of a plaintiff from three months to six weeks, and its language manifests a like liberal intention as to plaintiff's place of residence. It clearly means that a residence of six weeks in the state by a plaintiff will give the district court of any county jurisdiction to entertain an action by such plaintiff for divorce. Omitting intervening language, the statute reads: "Divorce from the bonds of matrimony may be obtained by complaint, under oath, to the district court of any county * * * if plaintiff shall have resided six weeks in the state before suit be brought."

This language is capable only of the meaning we have ascribed to it. The legislature is presumed to mean what it has thus plainly expressed.

In the statute, as is seen, appears the clause, "or in which the plaintiff shall reside"; and from this appellant argues that residence in the county at the time a person files a complaint for divorce is required, together with a state residence of six weeks to give the district court of such county jurisdiction. The contention has some force, but not sufficient, we think, to overcome the other clear and explicit language of the statute which

shows that a departure from a county residence to a state residence has been accomplished.

The substitution in the amendment of the word "any" for the word "the" effecting a change from "the district court of *the* county" to "the district court of *any* county," is highly significant.

Since territorial days to 1931 the former wording has been in the divorce statute. The first statute enacted in 1861 (chapter 33) in this respect read: "Sec. 22. Divorce from the bonds of matrimony, may be obtained by complaint, under oath, to *the* probate court," etc. Subsequently a change was made from probate court to district court.

Numerous amendments have been made during the passage of years, but as to the above language, no other change was made until, as previously stated, in 1931, when the word "any" was substituted for the word "the." The reason is obvious. If the word "the" had been retained the phrase "the district court of the county" in connection with the last residence clause, "if plaintiff shall have resided six weeks in the state" would have made an ambiguity as to what county was meant. The substitution of the word "any" makes it clear that any county was meant. This is in keeping with the steady liberal tendency of the legislature in this regard.

Appellant does not contend that it is beyond the power of the legislature to make state residence the basis of jurisdiction in any district court in an action for divorce.

We would be loathe to hold that appellant's contention is controlling because of the train of consequences mentioned in Davis v. Davis, 54 Nev. 267–273, 13 P. (2d) 1109, which might follow.

■ The statute is not doubtful, but if it were it would be our duty to adopt that construction which would be the least likely to produce mischief. Smith v. Southern Pacific Co., 50 Nev. 377, 381, 262 P. 935.

■ Counsel for appellant deplores a situation which, he asserts, will enable a plaintiff to select a judge to his liking, and a county in which the filing fee is low. This

argument goes to the wisdom or policy of legislative action, with which we have no concern. Moreover, practically the same situation which counsel deprecates could follow if his contention of a county residence were allowed. This because no particular length of time for a plaintiff's residence in a county having been specified, any period of a bona fide residence, however short, would satisfy the statute.

The decree should be affirmed.

It is so ordered.